CHADWICK *v.* DETROIT AND TOLEDO SHORE
LINE RAILROAD COMPANY.

RAILROADS—INFANT TRESPASSERS—POSSESSOR OF LAND.
　　Defendant railroad company was properly found not liable as
　　a matter of law for injuries to 6-year-old boy trespasser who
　　had sought to hop a ride upon a train after visiting a nearby
　　pond of water, claimed to be an "attractive nuisance", where
　　such defendant did not operate the train nor own the right-of-
　　way or land on which pond was located.

Appeal from Wayne; Rashid (Joseph G.), J.
Submitted October 18, 1961.  (Docket No. 65, Calen-
dar No. 48,779.)  Decided November 30, 1961.

Case by Ethel Chadwick, guardian of Richard
Chadwick, minor, against Detroit and Toledo Shore
Line Railroad Company and 3 other railroad com-
panies for injuries sustained by minor in attempt to
hop ride on train while playing around pond created
by railroad embankments.  Dismissed as to Detroit
and Toledo Shore Line Railroad Company on motion.
Plaintiff appeals.  Affirmed.

*Richard E. Manning, James F. Finn, Hugh K.
Davidson,* and *Armand A. Palombo,* for plaintiff.

*Robert L. Livesay,* for defendant Detroit and
Toledo Shore Line Railroad Company.

REFERENCES FOR POINTS IN HEADNOTES
38 Am Jur, Negligence §§ 138.5, 142–155.

Per Curiam. Defendant Detroit and Toledo Shore Line Railroad Company was 1 of 4 defendants sued for negligent injury of plaintiff's son, Richard Chadwick. The declaration filed alleged that in 1947, when Richard was 6 years old, he sought to hop a ride on a train, fell under the wheels of the train, and suffered the amputation of both legs.

The declaration alleged the existence of a pond formed by the right-of-ways of 3 railroads, that the pond constituted an attractive nuisance which brought children (including Richard) to the area, that incidental to swimming in the pond the children made a practice of hopping rides on trains, that all of this was known to all defendants and that they negligently failed to remove or prohibit and restrain these dangerous conditions and practices.

Defendant Shore Line filed a motion to dismiss as to it, supported by affidavits. The circuit judge set a hearing to take testimony on the motion, under Court Rule No 18, § 3 (1945); and dismissed plaintiff's suit as to defendant Shore Line. Plaintiff-appellant appealed.

By plaintiff's declaration or by stipulations before the trial court and this Court, 3 basic facts were established for purposes of this appeal: *First,* the train which injured Richard was owned and operated by another defendant railroad, and not by defendant Shore Line. *Second,* the right-of-way on which it was operated at the time was owned and controlled by another defendant railroad, and not by defendant Shore Line. *Third,* the land on which the pond claimed by plaintiff's declaration to constitute an attractive nuisance was located was owned and controlled by other defendant railroads, but not by defendant Shore Line.

Under these facts, the circuit judge was correct in dismissing the suit as to defendant Shore Line.

Plaintiff relies upon the fact that this Court, in *Lyshak* v. *City of Detroit,* 351 Mich 230, and *Swanson* v. *City of Marquette,* 357 Mich 424, adopted the rules of negligence law pertaining to trespassing children in 2 Restatement, Torts, § 339.

The first sentence of this section reads:

"A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land."

Plainly, defendant Shore Line, on the facts pleaded or stipulated, is not a possessor of such land.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.