RIDGEWAY *v.* CITY OF ESCANABA.

1. MUNICIPAL CORPORATIONS — PERSONAL INJURIES — NOTICE OF
CLAIM—STATUTE—LIBERAL CONSTRUCTION.
   Statutes requiring notice to municipal corporations of claims
   for personal injuries are liberally construed, and relief is not
   denied when, by any reasonable interpretation, the notice can
   be said to be in substantial compliance with the statute, or
   the defect in the notice has been waived by the council.

2. SAME—DEFECTIVE NOTICE—WAIVER OF DEFECTS.
   Where a notice to a city of a claim for a personal injury, filed
   pursuant to section 3173, 1 Comp. Laws, appears to be suffi-
   cient upon its face, there is no waiver of substantial defects
   therein, where it does not appear that the members of the
   council were aware of the defects, and the council never took
   action upon the merits of the claim, and all that was done
   was to appoint a committee to consult with the city attorney
   and investigate.

3. SAME—WAIVER—DEFINITION.
   To "waive" means to relinquish intentionally a known right,
   or intentionally to do an act inconsistent with claiming it.

4. SAME — NOTICE OF INJURY — DESCRIPTION OF INJURY — SUFFI-
CIENCY.
   A notice to a city of a claim for a personal injury, filed pursu-
   ant to section 3173, 1 Comp. Laws, which describes the injury
   as a "dislocated and broken right shoulder blade" is not suffi-
   cient upon which to base a recovery on proof of a broken and
   dislocated collar bone upon the left side.

5. SAME—STATUTE—CONSTRUCTION—STATING EXTENT OF INJURY.
   The statute requiring the notice to state the "extent" of the
   injury is not satisfied by a notice which merely states the
   amount of the claim, but requires a substantially correct de-
   scription of the injury suffered, disclosing its extent.

Error to Delta; Stone, J. Submitted June 3, 1908.
(Docket No. 7.)  Decided September 10, 1908.

Case by John Ridgeway against the city of Escanaba
for personal injuries.  There was judgment for defendant

on a verdict directed by the court, and plaintiff brings error. Affirmed.

*A. H. Ryall*, for appellant.

*I. C. Jennings*, for appellee.

HOOKER, J.   The trial judge directed a verdict for the defendant in this cause, and the plaintiff has appealed.

The action was for negligence, plaintiff alleging that he suffered an injury through a fall upon defendant's defective sidewalk.   The case was made to turn on the question of a variance between the pleading and the statutory notice of the injury, as given by plaintiff, and the injury proved.   In other words, the trial judge was of the opinion that the proof showed that the plaintiff had not given a notice which set forth substantially the extent of the injury actually received, and that, although he had given a notice, it was a " wrong notice, wrong in fact." The plaintiff's notice stated that his injuries consisted of a dislocated and broken right shoulder blade, his declaration counted upon a broken and dislocated right shoulder, his testimony proved a broken and dislocated left collar bone.   The statute (1 Comp. Laws, § 3173) provides:

" No city subject to the provisions of this act shall be liable in damages sustained by any person in such city, either to his person or property by reason of any defective street, sidewalk, cross-walk, or public highway, or by reason of any obstruction, ice, snow or other incumbrance upon such street, sidewalk, cross-walk or public highway situated in such city, unless such person shall serve, or cause to be served, within sixty days after such injury shall have occurred, a notice in writing upon the clerk or the deputy clerk of such city, which notice shall set forth substantially the time when and place where such injury took place, the manner in which it occurred, and the extent of such injury, as far as the same has become known, and that the person receiving such injury intends to hold such city liable for such damages as may have been sustained by him."

It is admitted that the notice was seasonably filed with

the city clerk. Upon its face it sufficiently stated the extent of the injury described in it. It was, upon its face, sufficient to admit of proof of such an injury as it described, but it is claimed that "a dislocated and broken shoulder blade or shoulder?" is not a proper description of a dislocated and broken collar bone, and that such injury to the left side of the person is not within the description "right" side. The accident occurred on May 4th. The notice was dated May 13th, and was brought to the attention of the common council as early as May 21st, for on that day the council referred it to the city attorney. This action was commenced August 2d. The city attorney testified that, after he received the notice, he talked with the street commissioner and other officers, and was informed by them that the walk was in good condition, and upon the strength of this information he informed counsel for plaintiff that the walk was in good condition. He testified, also, that he was informed by an alderman and others that plaintiff was at work and had his left arm in a sling or tied up, and complained that it was hurt, and that he did nothing more until summer time, when a committee was appointed to confer with him, and he advised that the case be not settled, which advice was based on what he had heard.

We have been inclined to favor a liberal construction of statutes requiring notice of claims, and have not denied relief when by any reasonable interpretation the notice could be said to be in substantial compliance with the statute, or where the defect had been waived by the council. Several of the cases arose on notices required by city charters of varying provisions. Thus in *Germaine* v. *City of Muskegon*, 105 Mich. 216, where a charter provided "that if the claim is presented without an affidavit and *rejected for that reason*, it shall be a sufficient defense in any court to any action or proceeding for the collection of the claim," it was held that the defect was waived "if the claim was not rejected for that reason."

In *Wright* v. *Village of Portland*, 118 Mich. 23, the

authority of a council to waive a defect in a notice was asserted. A similar holding will be found in *Griswold v. City of Ludington*, 116 Mich. 401, where it was held that where an unverified claim was received by the council without objection, and kept under advisement until after the time for filing a verified claim had expired, during which period it was carrying on negotiations with claimant, there was evidence tending to show a waiver, and it was a case for a jury. See *Clark v. Village of Davison*, 118 Mich. 420; *Lindley v. City of Detroit*, 131 Mich. 8. In the last case cited we indicate a doubt of the authority of a city attorney to waive a defect in the notice. In the present case there was no waiver by the council, for there is nothing to show that the members were aware of the defect in the notice, and, moreover, it never took action upon the merit of the claim. All that was done was to appoint a committee to consult with the city attorney and investigate the claim, and it is not certain that this was within the period of 60 days within which notice was necessary. In this connection the language used by GRANT, J., in *Chamberlain v. City of Saginaw*, 135 Mich. 64, is apropos:

"In the case now before use the notice was void. The council took no action whatever, except to receive the communication and refer it to a committee. There was no waiver, unless it was the duty of the council to notify the claimant that such notice was void, point out wherein it was void, and give her an opportunity to present a valid one. Public rights are not, in my judgment, to be thus waived. The liability of municipal corporations for defective streets and sidewalks is purely statutory, and he who attempts to fasten that liability upon the municipality is bound to strictly comply with the statute. A waiver can only be predicated upon some duty of the corporation to act. No such duty is imposed by the statute, expressly or impliedly. After giving the notice both parties may rest, if they choose, and as they did in this case, without further action until the claimant sees fit to plant his suit. We are cited to no case and I find none, which holds that nonaction of a common council constitutes a waiver of the

proceedings necessary in order to fasten liability upon the municipality.  To waive means, in law, 'to relinquish intentionally a known right, or intentionally to do an act inconsistent with claiming it.'  In this case the common council had done nothing whatever to indicate to the plaintiff that it considered her notice valid, or that it intended to waive any notice."

Neither was there any evidence of waiver by the city attorney, if he could waive a defect in any case, which we need not decide.  There is nothing in this case to indicate a waiver by the council.

This was not a notice that was defective upon its face, and the case must turn here, as it did in the trial court, upon the question of its containing a substantial statement of the extent of the injury so far as it was known.  It certainly misdescribes the injury.  It states an injury that had not been suffered.  There was no broken shoulder blade, nor was the shoulder dislocated, and there was no injury whatever to his right arm, shoulder, shoulder blade, or clavicle, the entire description of the injury must be discarded, and that would leave the notice wanting in any description of the injury actually suffered.  It would be no more definite than the one held insufficient in the case of *Tattan* v. *City of Detroit*, 128 Mich. 650.  In so far as there might be any difference, it is misleading, by describing injuries not suffered.  *Barribeau* v. *City of Detroit*, 147 Mich. 125.

Counsel urge that no description of the injury was necessary under the language of the statute, which he says mentions the extent of the injury, but not the nature, and he argues that this refers only to the amount of his claim. We do not so understand the statute, unless it is to be practically emasculated by construction.  We must say that the legislature intended to give to defendants in such cases some protection against unjust raids upon their treasuries by unscrupulous prosecution of trumped-up, exaggerated, and stale claims, by requiring a claimant to give definite information to the city or village against whom it

is asserted, at a time when the matter is fresh, conditions unchanged, and witnesses thereto and to the accident within reach. It is a just law, necessary to the protection of the taxpayer, who bears the burden of unjust judgments. It requires only ordinary knowledge and diligence on the part of the injured and his counsel, and there is no reason for relieving them from the requirements of this statute that would not be applicable to any other statute of limitation. We have never held a notice ineffective when it could reasonably be said to be a substantial compliance with the law, but we think that cannot be said of this notice.

We find no error, and the judgment is affirmed.

GRANT, C. J., and BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.