## SWANSON v. CITY OF MARQUETTE.

1. APPEAL AND ERROR—MOTION TO DISMISS.

    The Supreme Court accepts as true all well-pleaded facts in declaration on appeal from order granting defendant's motion to dismiss.

2. INFANTS—TRESPASS—LANDOWNER'S KNOWLEDGE OF DANGEROUS CONDITION.

    Infants are not barred, by reason of being trespassers, from all rights of recovery against a landowner whose premises contain a hazardous condition of which he had actual or constructive knowledge.

3. NEGLIGENCE—PLEADING—DANGEROUS INSTRUMENTALITY—ELECTRIC SUBSTATION—FENCES.

    Declaration stated a cause of action, where it alleged that defendant city maintained an electric substation containing high-voltage wires that constituted a dangerous instrumentality surrounded by a fence or wall with holes in it that made it dangerous to children playing in the vicinity and that such negligence was the proximate cause of injury to plaintiff's 8-year-old son who was severely injured by reason of contact.

4. SAME—ARTIFICIAL CONDITION—DANGER TO CHILDREN.

    A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by an artificial condition which he maintained, where the place is one upon which the possessor knows or should know children are likely to trespass, the condition involves an unreasonable risk of death or serious bodily harm to such children and the children do not, because of their youth, realize the risk involved in intermeddling in it or in coming within the area, and the utility to the possessor of maintaining the condition is slight as compared to the risk to the young children involved.

5. MUNICIPAL CORPORATIONS—ELECTRIC SUBSTATIONS—NOTICE.

    Allegation of timely notice to city, as owner of electric substation which was specific as to place, time and nature and result of the accident and which gave the city ample notice and opportunity to investigate *held*, sufficient allegation of

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error §§ 831, 933.
[2] 38 Am Jur, Negligence §§ 40, 109.
[3, 4] 38 Am Jur, Negligence § 89.
[5] 18 Am Jur, Electricity § 57.
[6] 38 Am Jur, Municipal Corporations § 675.

compliance with pertinent provisions of city charter (Marquette Charter, § 17.5).

6. Same—Construction of Charter—Notice of Tort.
    A provision of city charter relative to notice of claim against city for damages for injuries due to tort of city is to be liberally construed.

7. Pleading—Motion to Dismiss—Notice of Claim to Municipal Corporation.
    Allegations in declarations in actions for injuries to 8-year-old boy by reason of his contact with high voltage wires in electrical substation that it was a city public utility operated for profit, and as such not subject to charter requirements as to notice of claim, must be accepted on its face in determining whether to grant or deny motion to dismiss (Court Rule No 18, § 3 [1945]; Marquette Charter, § 17.5).

Appeal from Marquette; Jackson (Glenn W.), J. Submitted January 6, 1959. (Docket Nos. 1, 2, Calendar Nos. 47,647, 47,648.) Decided October 13, 1959.

Cases by Eugene Swanson, individually and as guardian of Keith Swanson, a minor, against the City of Marquette, a municipal corporation, for medical expense and for personal injuries sustained by minor when he came in contact with high-voltage electrical equipment. Cases consolidated and dismissed on motion. Plaintiff appeals. Reversed and remanded.

*Baldwin & Kendricks* (*George T. Kendricks,* of counsel), for plaintiff.

*Waldo A. McCrea,* for defendant.

Edwards, J. These are other negligence actions dismissed upon motions, without answer or trial. They involve claims for the injuries and medical expenses of an 8-year-old boy who was seriously burned by coming into contact with high-voltage equipment of defendant's public lighting commission.

In appeals from such dismissals, we, of course, accept as true all well-pleaded facts in the declaration.

Appellant's amended declarations recite that on March 5, 1955, defendant city of Marquette "owned, maintained and operated for profit an electric public utility supplying electrical energy to the city," and that on that date, as a portion of its electrical transmission system, defendant maintained an electrical substation or transformer vault on the premises of St. Luke's hospital, in the city of Marquette. The declarations further allege that defendant had a duty to exercise a high degree of care in the operation of this substation as to persons on the premises, and more particularly as to plaintiff's 8-year-old son; and that such duty required the construction and maintenance of the vault and fence so that children could not easily enter same and come in contact with the high-voltage wires contained therein.

The declarations further allege that, although there was a vault and there was a wooden fence around the substation in question, there were holes in the fence and in the top of the vault which defendant either knew existed, or should have known existed, on March 5, 1955. The declarations further allege that the substation was located within 100 feet of playground apparatus and some construction materials placed on the hospital site for the purpose of construction work being engaged in, and that defendant either knew, or should have known, that small children played in the immediate vicinity.

The declarations further allege that plaintiff's 8-year-old son did, in fact, fall or enter through 1 of the holes in the fence and through a hole in the transformer vault, and in seeking to escape therefrom came in contact with high-voltage wires with his subsequent serious injury.

The declarations also set forth timely notice to the city of Marquette of the happening of the injury, but they do not allege the filing of any attested claim prior to the institution of suit some 2 years after the happening of the injuries (which alleged defendant's negligence in detail).

As we read Judge Jackson's opinion granting defendant's motions to dismiss, he felt constrained to grant the motions primarily on the ground that Michigan case law barred recovery for this 8-year-old child's injuries because he was not shown by the declarations to have been at the time of his injuries other than a trespasser. His opinion said:

"Michigan has clearly adopted and maintained the rule that trespassers have no rights of action for injuries sustained upon the property of others. The person whose property is trespassed upon owes no duty to the trespasser, except not to wilfully or wantonly injure him. *Ryan* v. *Towar,* 128 Mich 463 (55 LRA 310, 92 Am St Rep 481), clearly laid down this rule that owners of real property owed no duty to trespassers, even though they be children.

"*Ryan* v. *Towar, supra,* is in line with *Formall* v. *Standard Oil Co.,* 127 Mich 496 (10 Am Neg Rep 402).

"The cases are reviewed at length in *LeDuc* v. *Detroit Edison Co.,* 254 Mich 86, particularly with reference to attractive nuisance cases, where the rule is announced (p 89):

" 'The doctrine has not been permitted to seriously impair the rule that a property owner owes no duty to protect trespassers, adult or infant, from injury other than wanton or wilful, as has been done in some States.' "

Judge Jackson's opinion in these matters is dated November 23, 1957. On March 4, 1958, this Court decided *Lyshak* v. *City of Detroit,* 351 Mich 230, the effect of which was to modify prior Michigan cases

which held, or implied, that infant trespass automatically barred all rights of recovery against a landowner whose premises contained a hazardous condition of which he had actual or constructive knowledge: *Hargreaves* v. *Deacon,* 25 Mich 1; *Formall* v. *Standard Oil Co.,* 127 Mich 496 (10 Am Neg Rep 402); *Ryan* v. *Towar,* 128 Mich 463 (55 LRA 310, 92 Am St Rep 481); *LeDuc* v. *Detroit Edison Co.,* 254 Mich 86; *Holland* v. *Wisconsin Michigan Power Co.,* 296 Mich 668 (9 NCCA NS 570); *Morris* v. *Lewis Manfg. Co.,* 331 Mich 252 (28 ALR2d 214).

In the instant cases we have the allegation of an electrical substation containing high-voltage wires constituting a dangerous instrumentality. See *Warren* v. *City Electric R. Co.,* 141 Mich 298 (19 Am Neg Rep 21); *Clumfoot* v. *St. Clair Tunnel Co.,* 221 Mich 113; *Detroit Edison Co.* v. *Ewing* (CCA6), 122 F2d 852. We have the allegation that defendant had knowledge, or in the course of ordinary care should have had knowledge, of holes in the fences or walls surrounding the substation, making same dangerous to children in the vicinity. See *Clumfoot* v. *St. Clair Tunnel Co., supra; Siegel* v. *Detroit City Ice & Fuel Co.,* 324 Mich 205; *Yarington* v. *Huck,* 218 Mich 100. We have the allegation that children played in the vicinity of the substation and that defendant either knew, or in the exercise of ordinary care should have known, that fact. See *Bridges* v. *Dahl* (CCA6), 108 F2d 228; *Lyshak* v. *City of Detroit, supra.* And finally, we have the allegation that defendant's negligence as recited was the proximate cause of the injuries complained of.

In 2 Restatement, Torts, § 339,* our instant problem is dealt with as follows:

---

* In *Hyndman* v. *Pennsylvania R. Co.,* 396 Pa 190 (152 A2d 251) (decided May 8, 1959), involving a trespassing minor injured in contact with a transformer, the Pennsylvania supreme court relied squarely upon section 339 of Restatement in sustaining a jury verdict.

"A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if

"(a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and

"(b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children, and

"(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and

"(d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein."

We believe the declarations stated a cause of action and should not have been dismissed on defendant-appellee's motions.

The circuit judge's opinion dismissing these suits also stated that under the charter of the city of Marquette plaintiff's suits were prematurely filed because of failure to comply with city charter requirements pertaining to the filing of sworn claims.

Although no testimony was taken before the circuit judge on the motions to dismiss in accordance with Court Rule No 18, § 3 (1945), it seems that he considered that the charter provision was before him as a result of an affidavit from the city clerk attached to defendant's motions to dismiss. Appellant raises no issue before us in this regard and does not dispute the authenticity of the quoted charter provisions. The notice and claim relied upon by plaintiff, we find attached to his amended declarations.

The circuit judge found the notice deficient in this language:

"The original notice required to have been filed within 60 days, asserts that the damages were sustained and due to the negligence of defendant, or its employees, but it fails to state any particular defect or act of negligence of the defendant, or its officers, or employees. Such mere general allegation of negligence furnished no information upon which to investigate the same."

The notice, timely served within the 2-month requirement, did say:

"Eugene Swanson and Joan Swanson, each individually, and Eugene Swanson, as guardian of the person and estate of Keith Swanson, minor, for and on behalf of said minor, all of the city of Marquette, Michigan, pursuant to the provisions of the city charter of the city of Marquette, section 17.5 of chapter 17, hereby give notice to the city of Marquette that Keith Swanson, minor, on or about March 5, 1955, at about 5:30 in the afternoon of said day, was severely and permanently burned and injured when he either fell into or crawled into the electrical substation enclosure, property of the city of Marquette, as located upon the St. Luke's hospital grounds adjacent to and immediately north of the laundry building on said premises in the city of Marquette, Michigan; that said injuries and burns were to the left side of said minor's face, both wrists, both hands, both knees and left eye.

"They further state that the total extent of the damages to said minor cannot now be ascertained; that, in fact, the minor is confined to the University hospital at Ann Arbor, Michigan, and that they have been advised that he may be so confined for a period up to 5 years; that several fingers on both hands have been amputated and that possibly both hands may be amputated, depending upon his future condition.

"They further advise that, because of the physical and mental condition of the minor, it is considered inadvisable by hospital authorities to question said

minor in detail to determine exactly how the accident occurred.

"They further state that the witnesses to the accident known at this time are Louis Langlois, Mrs. Jean St. Onge, Miss Audrey Shade, Wilfred Sayen, George Johnson, and 2 people yet unidentified, 1 of which allegedly was a blond girl about 16 years of age.

"They further assert that damages have been sustained by each and all of them due to the negligence of the said city, its officers and/or employees in the construction, operation and maintenance of the substation; that each of them intends to hold the city of Marquette, and others, liable for such damages as may have been sustained."

The notice was specific as to place, time, and nature and result of the accident. Under the circumstances existing in this case, we feel defendant city was given ample notice and opportunity to investigate.

In *Pearll* v. *City of Bay City,* 174 Mich 643, 647, Justice STEERE discussed a similarly technical objection to a notice of injury in language we think applicable here:

"The purpose of the charter provision is to furnish the municipal authorities promptly with notice that a claim for damages is made, and advise them of the time, place, nature, and result of the alleged accident, and a sufficient statement of the main facts, together with names of witnesses, to direct them to the sources of information that they conveniently may make an investigation. It is said our courts are inclined to favor a liberal construction of these requirements so long as they tend in that direction and are not misleading. In *Ridgeway* v. *City of Escanaba,* 154 Mich 68, 70, this Court said:

" 'We have been inclined to favor a liberal construction of statutes requiring notice of claims, and have not denied relief when by any reasonable interpretation the notice could be said to be in sub-

stantial compliance with the statute, or where the defect had been waived by the council.'

"See, also, *Brown* v. *City of Owosso,* 126 Mich 91 (9 Am Neg Rep 505); *Oesterreich* v. *City of Detroit,* 137 Mich 415. We regard the contention of defendant in this particular as demanding a more technical construction than is requisite or reasonable under the authorities in this State, and think the notice, taken as a whole, sufficiently complied with the requirements in informing defendant as to the extent and nature of complainant's injuries, so far as then known."

See, also, *Knapp* v. *City of Detroit,* 295 Mich 311; *Hummel* v. *City of Grand Rapids,* 319 Mich 616; *Penix* v. *City of St. Johns,* 354 Mich 259, 261.

Further, the declarations filed by plaintiff allege that this is a city public utility operated for profit. Such an allegation, accepted on its face as we are required to do for purposes of the motion to dismiss (*Kaufman* v. *Nystrom,* 341 Mich 228), would bring the present cases within the rule as laid down by this court in *Borski* v. *City of Wakefield,* 239 Mich 656.

See, also, *Andrews* v. *City of South Haven,* 187 Mich 294 (LRA1916A, 908, Ann Cas 1918B, 100). *Cf. Northrup* v. *City of Jackson,* 273 Mich 20, decided upon somewhat different facts.

Reversed and remanded for trial. Costs to appellant.

Smith, Black, Voelker, and Kavanagh, JJ., concurred with Edwards, J.

Dethmers, C. J., and Carr and Kelly, JJ., concurred in result.