KUSTASZ *v.* CITY OF DETROIT

1. Negligence—Municipal Corporations—Defective Highways—Notice—Statutes—Purpose.

Purpose of statutory requirement that for damages caused by a defective highway a notice of claim, including the time, place, nature and result of the alleged accident, a statement of the main facts, and the names of witnesses, be given to the governmental agency responsible is to furnish the municipal authority promptly with notice that a claim for damages is made and to direct them to the sources of information so that they may investigate the claim (MCLA § 691.1404).

2. Negligence—Municipal Corporations—Defective Highways—Notice—Statutes—Construction.

Statutory requirement that for damages caused by a defective highway a notice of claim be given to the responsibile gov-

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 38 Am Jur, Municipal Corporations § 593.
39 Am Jur 2d, Highways, Streets, & Bridges §§ 411–421.

ernmental agency is not so strictly construed as to make it difficult for the average person to draw a good notice (MCLA § 691.1404).

3. NEGLIGENCE—MUNICIPAL CORPORATIONS—NOTICE—STATUTES—SUBSTANTIAL COMPLIANCE.

Only a substantial compliance with a notice provision of a statute is required.

4. NEGLIGENCE—MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—NOTICE—STATUTES—SUBSTANTIAL COMPLIANCE.

Plaintiff's notice of claim for injuries sustained because of a defective public sidewalk substantially complied with the statutory requirements where the notice specified the time, place, nature, and result of the accident even though the plaintiff's signature was not verified (MCLA § 691.1404).

Appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted Division 1 November 6, 1970, at Detroit. (Docket No. 8,626.) Decided December 2, 1970. Leave to appeal denied February 10, 1971. 384 Mich 805.

Complaint by Julie Kustasz against the City of Detroit for injuries from a fall on a public sidewalk. Accelerated judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Lawrence, Volz & Mintz,* for plaintiff.

*Michael M. Glusac,* Corporation Counsel, and *Alfred Sawaya* and *David S. DeWitt,* Assistants Corporation Counsel, for defendant.

Before: LESINSKI, C. J., and J. H. GILLIS and BEASLEY,* JJ.

J. H. GILLIS, J. Plaintiff was injured in a fall upon a public sidewalk. The fall was caused by a depression 12 inches long, 4 inches wide, and 3 inches deep in that walk. A claim of injury was timely

---

* Circuit judge, sitting on the Court of Appeals by assignment.

filed with defendant. It was sent by certified mail and signed by plaintiff's attorney. The trial court granted defendant's motion for an accelerated judgment on the ground that plaintiff's notice of claim failed to comply with statutory requirements, MCLA § 691.1404 (Stat Ann 1969 Rev § 3.996[104]). Plaintiff appeals from that judgment.

The sole issue on appeal is whether there was sufficient notice to the city of injury when the notice complied in every respect with the pertinent act except for the verification of claimant's signature.

Claims against governmental agencies for injuries sustained by reason of defective highways must be filed within 60 days of occurrence. *Kowalczyk* v. *Bailey* (1967), 379 Mich 568. The claim must specify the nature of the defect, the injury sustained, names of known witnesses, and exact location of the defect. *Smith* v. *City of Warren* (1968), 11 Mich App 449. The applicable statute further provides that "the injured person  *  *  *  shall serve a verified notice"[1] of this claim on the appropriate governmental agency. Plaintiff's notice of claim was not verified.

We find, as the Supreme Court did in *Swanson* v. *City of Marquette* (1959), 357 Mich 424, 431, that the purpose of such a statutory provision is:

"[T]o furnish the municipal authorities promptly with notice that a claim for damages is made, and advise them of the time, place, nature, and result of the alleged accident, and a sufficient statement of the main facts, together with names of witnesses, to direct them to the sources of information that they conveniently may make an investigation."

Plaintiff's notice was specific as to time, place, nature, and result of the accident.

---

1 MCLA § 691.1404 (Stat Ann 1969 Rev § 3.996[104]).

Further, it has long been held that

"This notice is not a pleading, and we are of the opinion that the requirement should not receive so strict a construction as to make it difficult for the average citizen to draw a good notice, *especially in view of the evident intention that a substantial statement should be sufficient.*

\*       \*       \*

"This court is committed to the rule requiring only substantial compliance with the notice provisions of a statute." *Meredith* v. *City of Melvindale* (1969), 381 Mich 572, 579, 580.

This Court has long been inclined

"[T]o favor a liberal construction of statutes requiring notice of claims, and have not denied relief when by any reasonable interpretation the notice could be said to be in substantial compliance with the statute." *Swanson* v. *City of Marquette, supra,* pp 431, 432.

See also: *Ridgeway* v. *City of Escanaba* (1908), 154 Mich 68; *Penix* v. *City of St. Johns* (1958), 354 Mich 259; *Meredith* v. *City of Melvindale, supra,* and cases cited there.

Plaintiff's claim of injury substantially complied with the notice provisions required by statute. Therefore, the trial court's order granting defendant's accelerated judgment is vacated.

Reversed and remanded for proceedings not inconsistent herewith.  Costs to plaintiff.

All concurred.