THE COOKE CONTRACTING COMPANY v. DEPARTMENT
OF STATE HIGHWAYS

1. COURTS—COURT OF CLAIMS—COURT RULES.

The same rules applicable in circuit court actions apply in the
Court of Claims, except as otherwise provided (MCLA § 600-
.6422).

2. COURTS—COURT OF CLAIMS—MOTIONS—GROUNDS—NOTICE—COURT
RULES.

A motion in the Court of Claims must state with particular-
ity the grounds upon which it is based and the opposing
party must be given notice of the written motion and
hearing at least four days before the hearing (MCLA § 600-
.6422; GCR 1963, 108.4, 110.2[1]).

3. MOTIONS — ACCELERATED JUDGMENT — GROUNDS — NOTICE —
COURT RULES.

Accelerated judgment for defendant Department of Highways,
was improperly granted where the motion was based on
plaintiff's alleged failure to provide accurate notice to de-
fendant of the time when the claim arose but, at the hearing
on the motion, the defendant based its argument on the
completely different ground that plaintiff had failed to
meet the jurisdictional requirements of filing a complaint
within one year from the time at which plaintiff's cause of
action accrued (GCR 1963, 110.2[1]).

Appeal from Court of Claims, Ross W. Campbell,
J.   Submitted Division 2 May 11, 1971, at Lansing.
(Docket No. 10539.)   Decided May 27, 1971.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  20 Am Jur 2d, Courts § 82 et seq.
[3]  49 Am Jur, State, Territories, and Dependencies § 103.

Complaint by The Cooke Contracting Company against the State of Michigan and Michigan Department of State Highways for extra compensation upon a highway construction contract. Accelerated judgment for defendants. Plaintiff appeals. Remanded for rehearing on defendants' motion.

*Doyle & Smith*, P. C. (by *Dan L. McNeal*), for plaintiff.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *Louis J. Caruso* and *James D. Mueller*, Assistant Attorneys General, for defendants.

Before: Danhof, P. J., and Fitzgerald and Quinn, JJ.

Per Curiam. On June 15, 1970, plaintiff filed a petition in the state Court of Claims seeking $5,254-.51 damages, plus interest and all reasonable costs, as extra compensation upon an August 22, 1962, contract for highway construction. Defendants presented a motion for accelerated judgment[1] on July 22, 1970, on the ground that the court lacked jurisdiction because of plaintiff's failure to comply with the mandatory jurisdictional requirement of MCLA § 600.6431(1) (Stat Ann 1962 Rev § 27A-.6431[1]) in failing to state on its petition "the time when * * * such claim arose". The motion was heard October 15, 1970, and judgment thereon was granted 13 days later. Plaintiff appeals from said judgment as of right.

The record before us on appeal is comprised of but a few official papers and a 12-page transcript of the hearing held below. The appellate briefs pre-

---

[1] GCR 1963, 116.1.

sented by the parties present completely different issues. Misunderstanding is rife; therefore, we remand for a rehearing on the motion.

Defendants' motion for accelerated judgment is based on plaintiff's alleged *failure to provide accurate notice to defendants of the time when the claim arose.* At the hearing, defendants based their argument on a completely different ground: that plaintiff had *"failed to meet the jurisdictional requirements of filing a complaint within one year's time from the time at which his cause of action accrued".* It is obvious that plaintiff's counsel was surprised by this tactic of defendants and sought additional time to file a brief on the issue, which request was summarily denied. The court granted defendants' motion on the ground urged at the hearing, not on the ground presented in the written motion.

The same rules applicable in circuit court actions shall apply in the Court of Claims, except as otherwise provided.[2] The court rules stipulate that a motion must state with particularity the grounds upon which it is based.[3] The rules further direct that the opposition party must be provided notice of the written motion and hearing at least four days prior to such hearing.[4] In the instant case, such notice was inadequate since plaintiff had been given no notice of the grounds actually urged at the hearing, which grounds proved to be successful in the absence of any contrary reasons forthcoming from the bewildered plaintiff.

The court rules insure proper functioning of the adversary process. Failure to adhere to such rules has resulted in a complete failure of the process here. The blame rests with defendants, and plain-

---

[2] MCLA § 600.6422 (Stat Ann 1962 Rev § 27A.6422).
[3] GCR 1963, 110.2(1).
[4] GCR 1963, 108.4.

tiff is entitled to proper notice of the grounds urged on behalf of defendants and an opportunity to meet them directly.

Remanded for rehearing of defendants' motion. We do not retain jurisdiction. Costs to abide outcome.