STATE HIGHWAY COMMISSION v COURT OF CLAIMS JUDGE

1. NOTICE—CLAIMS AGAINST STATE—SUBSTANTIAL COMPLIANCE.

   The statutory requirement to notify the state in writing in detail within one year of the accrual of a claim against the state in order to maintain suit is met where the plaintiff can show substantial compliance with the statute (MCLA 600.6431).

2. NOTICE—CLAIMS AGAINST STATE—SUBSTANTIAL COMPLIANCE.

   Plaintiff substantially complied with the statute requiring notice to be given of claims against the state even though the notice did not specify the time and place where the claim arose where the notice did specify that plaintiff claimed in contract and for withdrawal of the right to bid on further contracts and specified the project number covering the contract and where the dates of contract rescission and withdrawal of prequalification were well known to the state.

Original action in the Court of Appeals. Submitted Division 2 March 1, 1972, at Lansing. (Docket No. 10726.) Decided April 25, 1972. Leave to appeal denied, 388 Mich 763.

Complaint by the State and the State Highway Commission for an order of superintending control against Leo W. Corkin, a Court of Claims judge, to review the denial of plaintiffs' motion for accelerated judgment in a suit by Lester Davidson and Virnie Davidson against plaintiffs. Complaint dismissed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *James D. Mueller,* Assistants Attorney General, for plaintiff.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 49 Am Jur, States, Territories, and Dependencies, § 91 *et seq.*

*Jenkins, Fortescue, Miller & Nystrom,* for defendants.

Before: McGregor, P. J., and J. H. Gillis and O'Hara,* JJ.

O'Hara, J. The State of Michigan and Davidson entered into a contract for partial construction of the Chrysler Freeway in the City of Detroit on April 6, 1965. After the work began, a dispute between the parties arose. Davidson alleged a breach of contract and refused to complete the contract. It claims to have rescinded it on January 22, 1968. Because of that refusal to work, the State Highway Department revoked Davidson's prequalifications to bid on state projects on February 20, 1968. On November 8, 1968, Davidson filed in the Office of the Clerk of the Court of Claims a "Statement of Claim" which stated in pertinent part,

"Please take notice that the undersigned * * * intending to file a claim against the State of Michigan and the Michigan State Highway Commission pursuant to RJA 6431 * * * .

"The time when, the place where, such claim arose, and the nature of the same and the items of damage sustained are as follows:

"The claim involved Project BI 82251 F C 41, *etc.,* being a portion of the Chrysler Expressway from Edsel Ford Expressway to Clay Avenue, work on which was undertaken by claimant pursuant to a contract with the Michigan State Highway Commission, entered into on or about April 6, 1965.

"The Michigan State Highway Commission failed to provide plaintiff with a place to work so that it could proceed with phase 3 of the job, delayed performance of the work, and deceitfully misrepresented the work, and

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

failed to make payment according to the terms of the contract.

"Claimant will seek recovery of his damages under the contract, and the value of his services rendered, as well as the value of his bargain, which was misrepresented to him."

On January 24, 1969, Davidson filed an amended Statement of Claim repeating the allegations of the claim quoted above and, in addition, adding two allegations: (1) that the damages sustained were in the amount of two million dollars and (2) that Davidson sustained an additional three million dollars in damages because of the highway department's wrongful suspension of its qualifications to bid on highway projects.

On September 22, 1969, Davidson's formal complaint was filed in the Court of Claims. The State Highway Department moved for accelerated judgment on the grounds that timely and proper notice of intention to file claim was not given pursuant to RJA 6431. On August 5, 1970, the trial judge filed an opinion denying the motion, and an order to that effect was entered November 16, 1970. From that order the State of Michigan and Michigan State Highway Commission appeal by way of an application for superintending control.

The question is the sufficiency and timeliness of the notices. The statute provides:

"No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed

and verified by the claimant before an officer authorized to administer oaths." (MCLA 600.6431[1]; MSA 27A.6431[1])

The trial court held:

"In the opinion of the court it is important to note that plaintiff's claim is based on a claimed breach of a contract to which the commission was a party and also an action taken by the commission as a result of plaintiff's rescission of the contract. Presumably the commission was as well aware of the facts concerning the contractual relationship as was plaintiff. Certainly the two crucial dates of contract rescission and withdrawal of prequalification were well known to the commission. Actually the plaintiff could very well be hard put to assign any dates of accrual as to the various claimed breaches of contract.

"Considering the total circumstances of this particular case the court finds that plaintiff substantially complied with the requirement of filing a written notice of intention to file a claim within one year after the claim accrued."

We agree with the findings of fact and the legal reasoning in support thereof.

The Supreme Court has spoken clearly to the doctrine of substantial compliance in notice cases. We quote:

"Plaintiff's position is that there was a substantial compliance with the notice provision of the charter.

"This Court has defined the purposes of such a charter provision. In *Pearll v Bay City,* 174 Mich 643 (1913), our Court said (p 647):

" 'The purpose of the charter provision is to furnish the municipal authorities promptly with notice that a claim for damages is made, and advise them of the time, place, nature, and result of the alleged accident, and a sufficient statement of the main facts, together with names of witnesses, *to direct them to the sources*

*of information that they conveniently may make an investigation.'* (Emphasis added.)"

"Our courts are inclined to favor a liberal construction of notice requirements so long as they tend in that direction and are not misleading. See *Ridgeway v Escanaba,* 154 Mich 68 (1908). See, also, Chief Justice DETHMERS' opinion in *Penix v City of St. Johns* 354 Mich 259 (1958).

"This judicial policy favoring a liberal construction is based on the theory that the inexpert layman with a valid claim should not be penalized for some technical defect. See *Brown v Owosso,* 126 Mich 91 (1901), where our Court said (pp 94–95):

" 'This notice is not a pleading, and we are of the opinion that the requirement should not receive so strict a construction as to make it difficult for the average citizen to draw a good notice, *especially in view of the evident intention that a substantial statement should be sufficient,* and the serious consequences of reliance upon a defective notice until after the expiration of the 60-day period.' (Emphasis added.)"

"This Court is committed to the rule requiring only substantial compliance with the notice provisions of a statute or charter. See *Swanson v City of Marquette* 357 Mich 424 (1959); *Pearll v Bay City, supra; Ridgeway v Escanaba, supra;* and *Penix v City of St. Johns, supra."* (*Meredith v Melvindale,* 381 Mich 572, 579–580 [1969].)

We dismiss the complaint for superintending control. Costs to the plaintiff.

All concurred.