THE COOKE CONTRACTING COMPANY v DEPARTMENT OF
STATE HIGHWAYS

Opinion by Adams, J.

1. Statutes—Court of Claims—Notice—Substantial Compliance.

Statutory notice requirements, specifying the contents of a notice
to be filed with the Court of Claims in order to validate a claim,
mandates only substantial compliance therewith (MCLA
600.6431[1]).

2. Limitation of Actions—Court of Claims—Legislative Intent.

The Legislature intended to establish in the Court of Claims Act
a three-year limitation as to all claims against the State of
Michigan (MCLA 600.6431[1], 600.6452[1], [2]).

3. Limitation of Actions—Statutes—Construction—Cause of Action—Accrual Date.

Courts in construing various statutes of limitation have endeavored to fix the accrual date of a cause of action with as much
certainty as possible and as early as is reasonable under the
circumstances, taking into account the purpose for which statutes of limitation have been enacted; this body of law should be
followed in the case of claims against the state.

4. Statutes—Judicial Review—Administrative Remedies—Alternative Remedies.

A statute which provides that "any person aggrieved by a final
decision in a contested case * * * is entitled to judicial review
thereof under the act; but nothing in this section shall be
deemed to prevent resort to other means of * * * redress, relief

References for Points in Headnotes

[1, 10] 58 Am Jur 2d, Notice § 20.
[2] 51 Am Jur 2d, Limitation of Actions §§ 9, 11, 12, 457.
[3, 6, 9, 12] 1 Am Jur 2d, Actions §§ 1, 2, 46 et seq.
  51 Am Jur 2d, Limitation of Actions §§ 54, 107 et seq.
[4] 2 Am Jur 2d, Administrative Law §§ 596, 709–714.
[5, 8, 13, 14] 2 Am Jur 2d, Administrative Law §§ 595–609.
[7] 2 Am Jur 2d, Administrative Law § 544.
[11] 20 Am Jur 2d, Courts § 183 et seq.

or trial de novo, provided by law" appears to have offered a claimant against the state alternative remedies in the face of administrative inaction; to hold otherwise would be to place an aggrieved claimant wholly at the mercy of prolonged administrative indecision (MCLA 24.108).

5. ADMINISTRATIVE LAW—EXHAUSTION OF REMEDIES—ADMINISTRATIVE AGENCY—QUASI-JUDICIAL HEARING—ADMINISTRATIVE TRIBUNAL.

The precept of "exhaustion of administrative remedies" before resort to the courts is less deserving of deference in a case involving the processing of a claim against an administrative agency by that administrative agency than would be true in the case of a quasi-judicial hearing before an administrative tribunal.

6. CONTRACTS—COURT OF CLAIMS—ACTION—ACCRUAL DATE—NOTICE— LIMITATION OF ACTIONS—ADMINISTRATIVE REMEDIES—STATUTES.

A contractor's claim against the state for extra work under a highway construction contract accrues on the date the Department of State Highways accepted the highway construction project as complete, and where neither the contractor's statutorily required written claim nor written notice of intention to file a claim against the state was filed within one year thereafter, the provision in the standard specifications manual for administrative remedies does not toll or waive the statute of limitations, and the State Highway Department has no power or jurisdiction to waive that statute; a three year statute of limitations applies and where the claim accrued no later than October 8, 1964 and the complaint was filed in the Court of Claims on June 15, 1970, the contractor clearly failed to file its suit in time (MCLA 600.6431[1]).

CONCURRENCE IN RESULT BY J. H. GILLIS, J.

7. ADMINISTRATIVE LAW—CONTRACTS—CLAIM FOR PAYMENT—DEPARTMENT OF STATE HIGHWAYS—HIGHWAY CONSTRUCTION CONTRACTOR—CENTRAL OFFICE ADJUSTMENT BOARD—REVIEW—ADMINISTRATIVE REMEDY—ABANDONMENT.

*The Department of State Highways procedure requires a contractor advised of an unacceptable decision on its claim for payment to request, in writing, a review by the Central Office Adjustment Board and also permits a joint contractor-board meeting for more complete discussion; and where a contractor never requested a board review but relied on a denial by a construction engineer representing the state, it abandoned its administrative remedy.*

8. ACTION—HIGHWAY CONSTRUCTION CONTRACTOR—DEPARTMENT OF STATE HIGHWAYS—REJECTION OF CLAIM—RIGHT TO SUE—ADMINISTRATIVE REMEDIES—EXHAUSTION OF REMEDIES.

*A rejection of a highway construction contractor's claim by an administrative officer originally in charge cannot give rise to a right to sue the state by the contractor if there exists either a right to appeal or requirement of appeal as an administrative remedy.*

9. CONTRACTS—COURT OF CLAIMS—ACTION—ACCRUAL—NOTICE—ADMINISTRATIVE REMEDIES—LIMITATION OF ACTIONS—TOLLING—POSTPONEMENT.

*A highway construction contractor's claim against the State of Michigan and its highway department did not accrue upon filing its claim with the Court of Claims some 16 months after the date the highway department advised the contractor its claim would be submitted to the Central Office Adjustment Board for review and final determination; assuming suit could have been maintained, a claimant may not postpone indefinitely the operation of the statute of limitations requiring that no claim may be maintained against the state unless the claimant within one year after such claim has accrued files with the Court of Claims either a written claim or a written notice of intention to file a claim (MCLA 600.6431[1]).*

DISSENT BY FITZGERALD, P. J.

10. STATUTES—COURT OF CLAIMS—NOTICE—SUBSTANTIAL COMPLIANCE.

*Statutory notice requirements, specifying the contents of a notice to be filed with the Court of Claims in order to validate a claim, mandates only substantial compliance therewith (MCLA 600.6431[1]).*

11. PLEADINGS—COURT OF CLAIMS—CONTRACTOR'S CLAIM—SUFFICIENCY—STARE DECISIS.

*A trial court erred in ruling that the contents of a contractor's claim in the Court of Claims against the Department of State Highways and the State of Michigan were legally insufficient, because the Court of Appeals found legal sufficiency in a previous case where the facts were almost identical.*

12. ACTION—ACCRUAL.

*A cause of action "accrues" when a suit may be maintained thereon.*

13. ACTION—HIGHWAY CONSTRUCTION CONTRACTOR—DEPARTMENT OF
    STATE HIGHWAYS—ADMINISTRATIVE REMEDIES—EXHAUSTION OF
    REMEDIES—CONTRACTS.

   *A highway construction contractor cannot maintain a suit
   against the Department of State Highways and the State of
   Michigan until the administrative remedies provided for in the
   contract have been exhausted.*

14. JUDGMENT—ACCELERATED JUDGMENT—DEPARTMENT OF STATE
    HIGHWAYS—HIGHWAY CONSTRUCTION CONTRACTOR—LIMITATION
    OF ACTIONS—ADMINISTRATIVE REMEDIES—EXHAUSTION OF REME-
    DIES.

   *A motion for accelerated judgment could not properly be granted
   the State of Michigan and its department of highways by the
   Court of Claims because a highway construction contractor
   failed to file his claim within one year from the date the claim
   accrued where the administrative remedies were not exhausted
   until August 6, 1969, and the claim was filed on June 15, 1970,
   and therefore was filed within the statutory one-year limit
   (MCLA 600.6431[1]).*

Appeal from Court of Claims, Ross W. Campbell,
J. Submitted Division 2 April 10, 1973, at Lansing.
(Docket No. 13465.) Decided October 31, 1973.

Complaint by The Cooke Contracting Company
against the State of Michigan and its Department
of State Highways for compensation for extra
work completed in the performance of a highway
construction contract. Accelerated judgment for
defendant. Plaintiff appealed. Remanded for re-
hearing on defendants' motion. Accelerated judg-
ment for defendants. Plaintiff appeals. Affirmed.

*Doyle & Smith, P. C.* (by *James G. Halverson*),
for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Louis J. Caruso*
and *James D. Mueller,* Assistants Attorney Gen-
eral, for the defendants.

Before: Fitzgerald, P. J., and J. H. Gillis and Adams,* JJ.

Adams, J. *(for affirmance).* In *The Cooke Contracting Co v Department of State Highways,* 34 Mich App 139, 141–142; 190 NW2d 683, 684–685 (1971), this Court stated:

"Defendants' motion for accelerated judgment is based on plaintiff's alleged *failure to provide accurate notice to defendants of the time when the claim arose.* At the hearing, defendants based their argument on a completely different ground: that plaintiff had *'failed to meet the jurisdictional requirements of filing a complaint within one year's time from the time at which his cause of action accrued'.* It is obvious that plaintiff's counsel was surprised by this tactic of defendants and sought additional time to file a brief on the issue, which request was summarily denied. The court granted defendants' motion on the ground urged at the hearing, not on the ground presented in the written motion.

"The same rules applicable in circuit court actions shall apply in the Court of Claims, except as otherwise provided.[2] The court rules stipulate that a motion must state with particularity the grounds upon which it is based.[3] The rules further direct that the opposition party must be provided notice of the written motion and hearing at least four days prior to such hearing.[4] In the instant case, such notice was inadequate since plaintiff had been given no notice of the grounds actually urged at the hearing, which grounds proved to be successful in the absence of any contrary reasons forthcoming from the bewildered plaintiff.

"The court rules insure proper functioning of the adversary process. Failure to adhere to such rules has resulted in a complete failure of the process here. The blame rests with defendants, and plaintiff is entitled to proper notice of the grounds urged on behalf of defend-

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ants and an opportunity to meet them directly. (Emphasis by the Court.)

"2 MCLA § 600.6422 (Stat Ann 1962 Rev § 27A.6422).
"3 GCR 1963, 110.2(1).
"4 GCR 1963, 108.4."

Upon remand to the Court of Claims for rehearing of defendants' motion, defendants made no effort to amend their motion for accelerated judgment by stating any additional grounds supporting the grant of that motion. The motion for accelerated judgment states in part as follows:

"The petition filed by the petitioner in this cause is silent as to the time when and place where the alleged claim arose.

\* \* \*

"The petition being silent as to the date when the claim arose and this court being without authority to supply the missing date, the petitioner has failed to comply with the mandatory jurisdictional requirements of the Court of Claims Act."

The ground that the claim was barred because a written claim was not filed within one year after the claim accrued is nowhere asserted in the motion for accelerated judgment and, under the court rules, it should be held not to have been presented. However, the issue was briefed by the parties, and was argued to and considered by the Court of Claims. Judge FITZGERALD's opinion also considers the issue and follows *Oak Construction Co v Department of State Highways,* 33 Mich App 561; 190 NW2d 296 (1971). I view the requirements of the court rules as waived in this case and shall also consider the question.

## Issue I

*Did the written claim filed by the contractor fail*

*to contain sufficient information concerning the
"time when such claim arose"?*

I agree with Judge Fitzgerald that "statutory
notice requirements, specifying the contents of a
notice to be filed with the Court of Claims in order
to validate a claim, mandates only substantial
compliance therewith".

## Issue II

*Was plaintiff's claim filed in the Court of Claims
within one year after such claim accrued as re-
quired by MCLA 600.6431(1); MSA 27A.6431(1)?*

The chronology of this case is as follows:

1. Plaintiff began work under a contract with
defendants on August 23, 1962 and completed the
project on October 31, 1963.

2. Extra work on which the present claim is
based was performed between August 23, 1962 and
October 31, 1963.

3. On October 8, 1964 the job was accepted by
the Michigan Department of State Highways.

4. On August 6, 1969 payment of the claim
apparently was denied by the Michigan Depart-
ment of State Highways.

5. On June 15, 1970 a complaint was filed in the
Court of Claims.

I agree that if *Oak Construction Co v Depart-
ment of State Highways,* 33 Mich App 561; 190
NW2d 296 (1971), was correctly decided it controls
the decision in this case. In *Oak Construction Co,*
this Court considered two sections of the Court of
Claims Act. Section 6431; MCLA 600.6431; MSA
27A.6431 provides as follows:

"(1) No claim may be maintained against the state
unless the claimant, within 1 year after such claim has
accrued, files in the office of the clerk of the court of

claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.

"(2) Such claim or notice shall designate any department, commission, board, institution, arm or agency of the state involved in connection with such claim, and a copy of such claim or notice shall be furnished to the clerk at the time of the filing of the original for transmittal to the attorney general and to each of the departments, commissions, boards, institutions, arms or agencies designated.

"(3) In all actions for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action."

Section 6452; MCLA 600.6452; MSA 27A.6452 provides in pertinent part:

"(1) Every claim against the state, cognizable by the court of claims, shall be forever barred unless the claim is filed with the clerk of the court or suit instituted thereon in federal court as authorized in section 6440, within 3 years after the claim first accrues."

The Court of Claims Act specifies the procedure to be followed with regard to *any* claim against the State of Michigan, its departments, commissions, boards, institutions, arms or agencies. Consequently, in considering the provisions of an act of such broad scope, it is important to bear in mind that it was passed to deal with a great variety of contract or tort claims against the state and all of its agencies.

Section 6431(1) does not require the institution of suit within one year but merely requires the filing with the Court of Claims of either a written claim *or* "a written notice of intention to file a claim". The pertinent language of section 6452(1), on the other hand, is: "Every claim against the state * * * *shall be forever barred unless the claim is filed* with the clerk of the court * * * within 3 years after the claim first accrues". (Emphasis added.)

Section 6452(2), immediately following, states:

"Except as modified by this section, the provisions of RJA chapter 58, relative to the limitation of actions, shall also be applicable to the limitation prescribed in this section."

The clear and unequivocal language of the statute, and especially the declaration in the above-quoted § 6452(2), indicates an intention by the Legislature to establish a three-year limitation as to all claims against the State of Michigan.

*Oak Construction Co, supra,* held (pp 566–567; 190 NW2d p 298):

"Fairness and logic mandate that we hold that a claim accrues under MCLA 600.6431(1); MSA 27A.6431(1), when the defendant has finally rejected a contested claim in the last step of its claim procedure, in this case, when the central office adjustment board notifies plaintiff that it has rejected its claim."

Plaintiff's brief states as follows:

"Applying the *Oak Construction Co* case ruling to the instant appeal, when did appellant's claim accrue? The appellant in the instant case indicated its readiness to get together with the appellees' representatives for purposes of settling these claims as early as September 15, 1965. * * * . On February 18, 1966, the appellant

expressly requested to meet with appellees' appropriate representatives to dispose of the claim which is the subject matter of this litigation. Specification 1.05.12 of the 1960 Standard Specifications for Road and Bridge Construction, a part of the contract here, required that the appellant submit its claim for consideration in the administrative claim process.

"Appellant asks this honorable Court to determine on the facts present when its claim was finally rejected in the last step of appellees' claim procedure. Posing an answer to this question is a difficult task for the reason that a definite claim procedure was not adhered to by appellees. On March 17, 1969, appellant was advised by appellees' representative, Lyle Lipp, that appellant's claim would be submitted to the appellees' central office adjustment board for review and final determination. * * * . Appellant was never advised of the central office adjustment board's disposition of its claim. To appellant's knowledge, the central office adjustment board has never reviewed the subject claim.

"Under the circumstances, appellant submits that the earliest date at which appellant's claim could be deemed to have accrued was August 6, 1969, when appellant received a letter from appellees' representative, Lyle Lipp, impliedly rejecting the claim.

"Reasonably, appellant submits that its claim accrued upon the filing of the initial petition in the Court of Claims on June 15, 1970."

The word "accrued" is used repeatedly in chapter 58, Limitation of Actions, of the Revised Judicature Act, MCLA 600.5801 *et seq.;* MSA 27A.5801 *et seq.* See, for example, §§ 5801, 5805, 5807, 5809, 5811, 5813, 5821 and 5823. Section 5807 deals with breach of contract and, before setting forth various specific periods of limitations, states:

"No person may bring or maintain any action to recover damages or sums due for breach of contract, or to enforce the specific performance of any contract unless, after the claim first accrued to himself or to someone through whom he claims, he commences the

action within the periods of time prescribed by this section."

In construing various statutes of limitation, the courts have repeatedly addressed themselves to the sometimes difficult question of when a cause of action accrues. In general, the endeavor has been to fix the accrual date with as much certainty as possible and as early as is reasonable under the circumstances, taking into account the purpose for which statutes of limitation have been enacted. It seems only logical that this body of law, developed over the years, should be followed in the case of claims against the state.

The holding of *Oak Construction Co, supra,* as demonstrated by the case at bar, results in utter uncertainty as to the accrual date. It permits manipulation of claim procedures by either party, depending upon that party's own desires and purposes, and, as in this case, a claim can be delayed for years by the claimant's adversary—the administrative agency—or it could even be lost forever in the bowels of bureaucracy!

In such a situation, the *Oak Construction Co* holding (p 565; 190 NW2d p 298) that "one must avail oneself of all administrative remedies before one seeks redress in the courts" would effectively preclude a claimant's recourse to the courts despite the lethargic or recalcitrant failure of an administrative agency to process the claim. I do not believe that MCLA 24.108; MSA 3.560(21.8) (in effect at the time here in question) contemplated such a result. The statute stated:

"(1) Any person aggrieved by a final decision in a contested case * * * is entitled to judicial review thereof under this act; *but nothing in this section shall be deemed to prevent resort to other means of * * ***

*redress, relief or trial de novo, provided by law."* (Emphasis added.)

The language emphasized in the above quotation appears to offer a claimant alternative remedies in the face of administrative inaction.[1] To hold otherwise would be to place an aggrieved claimant wholly at the mercy of prolonged administrative indecision.

The precept of "exhaustion of administrative remedies" before resort to the courts is less deserving of deference in the instant case (involving the processing of a claim against an administrative agency by that administrative agency) than would be true in the case of a quasi-judicial hearing before an administrative tribunal.

I agree with the Court of Claims judge who found:

"The court finds that the claim of the plaintiff accrued no later than October 8, 1964, the date the Highway Department accepted the project as complete, and that the plaintiff's petition herein was not filed within one year thereafter. The court further finds that the provision in the standard specifications manual for administrative remedies does not toll or waive the statute above cited, and that the State Highway Department has no power or jurisdiction to waive the statute even if it expressly wished to do so. The plaintiff clearly failed to file its suit in time. MCLA 600.6431(1); MSA 27A.6431(1) will not, however, permit either the plaintiff or the courts to turn back the clock."

I vote to affirm the Court of Claims. Costs to defendants.

---

[1] The more restrictive language of MCLA 24.301; MSA 3.560(201), incorrectly relied upon by this Court in *Oak Construction Co v Department of State Highways,* 33 Mich App 561, 565; 190 NW2d 296, 298 (1971), simply exacerbates the problem which an aggrieved claimant encounters in seeking alternate relief when confronted with administrative inaction.

J. H. Gillis, J. *(concurring in the result of* Adams, J.*).* I concur in Judge Adams' results. However, I do not adopt the rule he proposes. The rule set forth in *Oak Construction Co v Department of State Highways,* 33 Mich App 561; 190 NW2d 296 (1971), expresses weighty policy considerations. We should not reject that rule because of potential inaction and manipulation. Those problems can be resolved by available precedent as they confront us.

I disagree with Judge Fitzgerald that *Oak* applies to these facts. Plaintiff's inferences often are not fairly drawn from the exhibits on which he relies. For example, plaintiff states:

"On March 17, 1969 appellant was advised by appellees' representative, Lyle Lipp, *that appellant's claim would be submitted* to the appellees' Central Office Adjustment Board for review and final determination. (See exhibit C.)"

The relevant language of exhibit C provides:

"However, *since the other claims will have to be presented* to the Central Office Adjustment Board, I have been advised to recommend that *you present your claim to them in one package* for a final determination." (Emphasis supplied.)

The applicable State Highway Department procedure requires a contractor advised of an unacceptable decision to request, in writing, a review by the Central Office Adjustment Board. The procedure also permits a joint contractor-board meeting for more complete discussion. Apparently plaintiff never requested Central Office Adjustment Board review. Instead, it refers to rather obscure language in a letter dated August 6, 1969, from Lyle Lipp:

"I understand Mr. MacCreery has notified you of our inability to process the final by including a recommendation for bridges .over pavement and traffic regulators and maintaining traffic at 17 Mile Road."

Plaintiff claims this language is an "implied rejection" placing it solidly within the *Oak* rule. *Oak* cannot apply when plaintiff abandoned its administrative remedy after March 17, 1969. However artful. its attempt, plaintiff cannot claim that a reiteration of an earlier denial by a construction engineer constitutes the review board final denial contemplated in *Oak.* Rejection of a claim by an officer originally in charge cannot give rise to a right to sue if there exists either a right to appeal or requirement of appeal. *New Era Life Association v Zangbell,* 266 Mich 371; 254 NW 134 (1934). Nor did the claim accrue upon filing with the Court of Claims. Assuming suit could have been maintained, a claimant may not postpone indefinitely the operation of the statute of limitations by delaying his presentation or notice of claim. 51 Am Jur 2d, Limitation of Actions, § 115, p 686. In this case plaintiff both failed to exhaust its administrative remedy and delayed presentation of his claim for 16 months after March 17, 1969. The trial court properly granted defendants' motion for accelerated judgment. Costs to defendants.

FITZGERALD, P. J. *(dissenting).* On June 15, 1970 the appellant filed a claim for compensation for "extra work" completed in the performance of a contract for road construction on Seventeen Mile Road in Troy, Michigan.*

The State Highway Department filed a motion for accelerated judgment, alleging that The Cooke

---

* "Extra work" is necessary work done in completing a contract which work was not included in the contract specifications.

Contracting Company had failed to comply with the jurisdictional requirements of MCLA 600.6431(1); MSA 27A.6431(1).

Initially, the motion was granted on October 28, 1970, but this order was reversed by this Court in *The Cooke Contracting Co v Department of State Highways,* 34 Mich App 139; 190 NW2d 683 (1971). A new hearing was conducted on July 23, 1971, and the same motion was granted by an order on February 10, 1972. The order was based upon two alternative grounds: (1) the written claim filed by the contractor failed to contain sufficient information concerning the "time when such claim arose", or (2) the written claim was not filed within one year after the claim "accrued".

Taking the facts alleged in the appellant's complaint as true, the parties entered into a contract "known as Project 63174 E, C2"; and during the performance of the contract, the contractor was required to construct and maintain six temporary bridges and some flasher lights as well as being required to hire "traffic regulators" for approximately 388 hours. These efforts were not specified in the contract. After the contractor demanded payment for these costs, payment was denied by the Highway Department on August 6, 1969.

It is clearly established that statutory notice requirements, specifying the contents of a notice to be filed with the Court of Claims in order to validate a claim, mandates only substantial compliance therewith. *Swanson v Marquette,* 357 Mich 424, 431–432; 98 NW2d 574, 579 (1959); *Meredith v Melvindale,* 381 Mich 572, 579; 165 NW2d 7, 11 (1969); *Jones v Ypsilanti,* 26 Mich App 574, 583–584; 182 NW2d 795, 800 (1970); *Kustasz v Detroit,* 28 Mich App 312; 184 NW2d 328 (1970).

In *State Highway Comm v Court of Claims*

*Judge,* 40 Mich App 137; 198 NW2d 422 (1972), this Court reviewed the sufficiency of a notice under the same statute and concluded that the notice was legally adequate. With the exception of the date on which the contract was signed, the claim in this case provided the same general information as the notice in the decided case. Also, there were similar administrative proceedings in both cases. Therefore, it follows that the trial court erred in ruling that the contents of the claim were legally insufficient.

Although his position on this question is somewhat equivocal, a review of the arguments during the new hearing which was conducted on July 23, 1971 indicates that counsel for the defendants did not challenge the timeliness of the written claim. Therefore, the alternative ground upon which the trial court based its order was not presented and cannot for a basis for affirming that order.

Assuming *arguendo* that the timeliness of the plaintiff's claim was properly presented, it appears that the trial court failed to apply the proper standards for determining when the claim "accrued". "A cause of action 'accrues' when a suit may be maintained thereon." Black's Law Dictionary (4th ed), p 37. And our Court has ruled that a suit like the present one cannot be maintained until the administrative remedies provided for in the contract have been exhausted. *Oak Construction Co v Department of State Highways,* 33 Mich App 561; 190 NW2d 296 (1971).

Taking the facts as properly pleaded, the administrative remedies in this case were not exhausted until August 6, 1969. Therefore, the filing of the claim on June 15, 1970 was within the one-year limit contained in MCLA 600.6431(1); MSA 27A.6431(1). Of course, this does not preclude the

Highway Department from proving that the complaint is erroneous. It simply means that a motion for accelerated judgment could not be properly granted.

I would reverse and remand for a trial on the merits of the plaintiff's claim.