MURPHY *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—NOTICE—SUNDAY.

The statute permitting one sustaining damages by reason of injuries to person or property because of a defect in a sidewalk in a city street requires that written notice be served upon the city within 60 days from time of happening of the injury, and Sunday is not precluded from being counted as the last of the 60 days (CL 1948, § 242.8).

2. SAME—PERSONAL INJURIES—NOTICE OF CLAIM—STATUTES—LIBERAL CONSTRUCTION.

Statutes requiring notice to municipal corporations of claims for personal injuries are liberally construed, and relief is not denied when, by any reasonable interpretation, the notice can be said to be in substantial compliance with the statute, or the defect in the notice has been effectively waived by the council (CL 1948, § 242.8).

3. SAME—DEFECTIVE SIDEWALK—NOTICE OF CLAIM—WAIVER BY ORDINANCE.

The statutory requirement that notice of claim for personal injury alleged to have been due to defect in a city sidewalk may be waived by an ordinance adopted before the happening of the injury (CL 1948, § 242.8).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 25 Am Jur, Highways § 437 *et seq.*; 38 Am Jur, Municipal Corporations § 593.

Waiver of, or estoppel to assert, failure to give required notice of claim of injury to municipality, county, or other governmental agency or body. 65 ALR2d 1278.

[6] 5 Am Jur 2d, Appeal and Error § 1009.

4. Same—Defective Sidewalk—Statutory Notice of Claim—Computation of Time—Waiver—Ordinance.

Statutory notice of claim for personal injury, alleged to be due to defective sidewalk and required to be served upon city within 60 days, *held*, to have been received timely, where last of 60-day period fell on Sunday, city ordinance excluded such day from computation, and notice was received on the next day, strict compliance with the statute having been waived by proper municipal authority, and there being no pertinent statutory computation of time (CL 1948, § 242.8, Detroit Municipal Code, pt 2, chap 1, § 1-1-2).

5. Same—Defective Sidewalk—Notice of Claim—Limited New Trial.

New trial, limited to determination of damages, is ordered in action against city for injuries alleged to have been sustained by reason of long-standing defect in city sidewalk, where trial judge had determined that the sidewalk was defective, that plaintiff was not guilty of contributory negligence, and that the defect was the proximate cause of plaintiff's injuries, but that plaintiff's failure to give notice within 60-day period as provided by statute barred recovery, and Court of Appeals determines that strict compliance with statute had been so waived by city ordinance that where 60-day period ended on Sunday receipt of notice on following day was timely (CL 1948, § 242.8; Detroit Municipal Code, pt 2, chap 1, § 1-1-2).

6. Costs—Public Question—Waiver of Notice.

No costs are allowed in action to recover damages from city for personal injuries sustained by reason of defective sidewalk in defendant city, a public question being involved in determining whether statutory requirement that notice of claim be served within 60-day period that ended on a Sunday was waived by city ordinance adopted prior to happening of injury (CL 1948, § 242.8; Detroit Municipal Code, pt 2, chap 1, § 1-1-2).

Appeal from Wayne; Stephens (Rupert B.), J., presiding. Submitted Division 1 January 5, 1966, at Detroit. (Docket No. 413.) Decided March 9, 1966. Rehearing denied April 15, 1966.

Declaration by Frank Murphy against City of Detroit, a municipal corporation, for injuries allegedly arising from a fall on a public sidewalk.

Judgment for defendant. Plaintiff appeals. Reversed and remanded for limited new trial.

*Goodman, Crockett, Eden, Robb & Philo (George W. Crockett, Jr.,* of counsel), for plaintiff.

*Robert Reese,* Corporation Counsel, and *Alfred Sawaya* and *Andrew F. Valenti,* Assistants Corporation Counsel, for defendant.

LESINSKI, C. J. This cause comes on appeal from a judgment of no cause of action granted in favor of the defendant in the circuit court for the county of Wayne. The plaintiff Frank Murphy sought recovery for alleged personal injuries suffered because of a fall on a defective sidewalk at 3163 Arndt in Detroit, Michigan, on May 18, 1960. It is plaintiff's contention that his injuries were the proximate result of the defendant's failure to inspect, construct, repair, and maintain said sidewalk in a manner reasonably safe and fit for public use and free from such hazards. To these allegations, the defendant answered and additionally raised an affirmative defense of noncompliance with the statutory notice requirement, CL 1948, § 242.8 (Stat Ann 1958 Rev § 9.598),[1] which requires that the city receive written notice of the accident within 60 days of its occurrence. Though plaintiff sent notice by registered mail on July 15, 1960, the 58th day, the notice was not received by the city until July 18, 1960, the 61st day. The two intervening days were Saturday and Sunday and the city clerk's office was closed. The trial court ruled in favor of the defendant that notice had not been timely filed and granted a no

---

[1] This statute has been repealed by PA 1964, No 170 (CL 1948, § 691.1401 *et seq.* [Stat Ann 1965 Cum Supp § 3.966(101) *et seq.*]), but this would have no bearing on the outcome of this cause of action as the effective date of PA 1964, No 170 was July 1, 1965 (CL 1948, § 691.1415 [Stat Ann 1965 Cum Supp § 3.996(115)]).

cause for action. From this ruling plaintiff takes appeal.

The question before this Court revolves around the terminal day of the 60-day notice period of the statute. When this terminal day falls on a Sunday, is notice delivered the following Monday sufficient and valid notice?

The statute, effective whenever municipalities have enacted notice ordinances such as the city of Detroit has, reads in its relevant parts as follows:

"In the event damages are sustained by any person, either by bodily injuries or to his property, because of the defective condition of any highway, street, bridge, *sidewalk*, crosswalk or culvert in any city or incorporated village of this State where written notice of such inquiry [injury] and defect is now required by law to be served upon such village or city before recovery can be had, it *will be necessary to show that such person did serve written notice upon said city or village within 60 days from the time of the happening of such injury.*" (Emphasis supplied.)

On its face, this statute clearly requires actual notice to be served on the municipality to be charged within 60 days. There was no computation of time provision included within the statute that would preclude the counting of the 60th day even if it fell on a Sunday. Nor has the legislature enacted a general computation of time statute that would exclude Sunday from the computation schedule.

Thus, unless the defendant has waived its right to enforce this notice requirement, plaintiff's notice will have to be construed as untimely.

In *Ridgeway* v. *City of Escanaba* (1908), 154 Mich 68, the Court says at page 70:

"We have been inclined to favor a liberal construction of statutes requiring notice of claims, and

have not denied relief which by any reasonable interpretation the notice could be in substantial compliance with the statute, or *where the defect had been waived by council.*"  (Emphasis supplied.)

See, also, *Foster* v. *Village of Bellaire* (1901), 127 Mich 13, 14, and cases cited therein; *Lindley* v. *City of Detroit* (1902), 131 Mich 8, 9, and cases cited therein; *Swanson* v. *City of Marquette* (1959), 357 Mich 424, 431, and cases cited therein.

The cases cited deal with subsequent waiver by actions taken by city councils. This Court sees no distinction between subsequent waiver of notice in an action, or waiver in the form of an ordinance of the city enacted prior to the arising of this cause of action.

The city of Detroit, Municipal Code, part 2, chap 1, § 1–1–2, contains a computation of time section which reads as follows:

"Unless otherwise specified the time within which an act is required by law to be done shall be computed by excluding the first day and including the last, *except that the last shall be excluded if it be Sunday or a legal holiday.*"  (Emphasis supplied.)

This section of the municipal code enacted by the city's common council the Court deems to be an effective waiver of strict compliance with the statute in those claims in which notice is received on the 61st day wherein the 60th day falls on a Sunday.

The waiver, as in this case, to be effective must be authorized by the proper authority of the municipality involved and cannot be effected by the mere action or inaction of any of its agents. See *Holtham* v. *City of Detroit* (1904), 136 Mich 17, 20; *Rottschafer* v. *East Grand Rapids* (1955), 342 Mich 43, 52; *Boike* v. *City of Flint* (1965), 374 Mich 462, 464.

Judgment of the trial court is reversed and this cause is remanded to the circuit court for the county of Wayne for trial, limited to the determination of damages, the trial judge having found a long-standing defect in the sidewalk, that the plaintiff was not guilty of contributory negligence, and that this defect was the proximate cause of the plaintiff's injuries. No costs, public question.

J. H. GILLIS and QUINN, JJ., concurred.