CITIZENS CASUALTY CO. *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—CONSTRUCTION OF CHARTERS—NEGLIGENCE—NOTICE OF CLAIM.

Courts are inclined to favor a liberal construction of charters requiring notice of claims to a municipality, and have not denied relief when by any reasonable interpretation the notice could be said to be in substantial compliance with the charter, or where the defect had been waived by a city council (Detroit Charter, title 6, ch 7, §§ 11, 12).

2. SAME—CITY CHARTERS—NEGLIGENCE—NOTICE OF CLAIM.

Claim by plaintiff who sought to recover damages sustained by a fire caused through alleged negligence on the part of defendant city, that knowledge on the part of defendant's fire department that the fire occurred constituted actual notice of plaintiff's claim, thereby relieving plaintiff from compliance with the notice requirements of the city charter, *held*, without merit, since while such knowledge of the fire department constituted notice that the fire had occurred, it could not constitute notice of plaintiff's claim that the fire was negligently started or permitted by defendant city (Detroit Charter, title 6, ch 7, §§ 11, 12).

3. SAME—CITY CHARTER—NEGLIGENCE—NOTICE OF CLAIM—ACCELERATED JUDGMENT.

Accelerated judgment for defendant city in action by plaintiff to recover damages sustained by fire caused through alleged negligence on the part of defendant city *held*, proper, where plaintiff failed to comply with provisions of city charter requiring that written notice of claim be presented within 60 days from the happening of a negligent injury, since actual knowl-

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 38 Am Jur, Municipal Corporations § 673 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error § 723.

edge of the fire by the fire department of defendant city was notice only that the fire occurred, and not notice of plaintiff's claim that it was caused through negligence on the part of defendant city (Detroit Charter, title 6, ch 7, §§ 11, 12; GCR 1963, 116.1).

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTRUCTION OF STATUTES—GOVERNMENTAL IMMUNITY—CITY CHARTERS—NEGLIGENCE—NOTICE OF INJURY.

> The Court of Appeals does not pass upon the effect which statute regulating governmental immunity may have upon provisions of Detroit city charter requiring notice of injury through alleged negligence of city within 60 days thereof, where plaintiff, on appeal, does not question the applicability of such 60-day provision, and no issue has been raised on appeal concerning the statute (PA 1964, No 170; Detroit Charter, title 6, ch 7, §§ 11, 12).

Appeal from Wayne; Brennan (Thomas E.), J. Submitted Division 1 March 7, 1967, at Detroit. (Docket No. 2,260.)   Decided November 28, 1967.

Complaint by Citizens Casualty Co., a foreign corporation, subrogee of Raymond Zimmerman, Kathleen Zimmerman and Isam Clark, against City of Detroit, a municipal corporation, for damages sustained by plaintiff as a result of a fire allegedly caused through negligence on the part of defendant. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Kenneth C. Davies,* for plaintiff.

*Robert Reese,* Corporation Counsel, and *Alfred Sawaya* and *Andrew F. Valenti,* Assistants Corporation Counsel, for defendant.

LESINSKI, C. J. Plaintiff, as subrogee of the owners of a building in the city of Detroit, appeals from an accelerated judgment[1] entered for the defendant city of Detroit.

---

[1] See GCR 1963, 116.—REPORTER.

A fire occurred on August 22, 1965, in a vacant building owned by the defendant. The fire spread to an adjacent building owned by Raymond Zimmerman, Kathleen Zimmerman, and Isam Clark. This building was insured by the named owners with the plaintiff insurance company which paid the owners $5,500 and was subrogated to the rights of its assured to the extent of the named amount. Plaintiff gave notice of its claim to the common council of the city of Detroit on November 19, 1965, and in December of 1965, filed its complaint against the city, in which it alleged defendant's negligence.

Defendant moved for accelerated judgment, asserting that it had not received written notice of the loss until November 24, 1965—some 90 days following the fire—and cited provisions of the city charter[2] pertinent thereto which require that notice be served upon the corporation counsel within 60 days, and also provide that failure to present a demand or claim to the common council is a sufficient bar to proceedings brought to collect thereon.

The thrust of plaintiff's reply to defendant's motion for accelerated judgment was that the city received actual notice through its agent, the Detroit fire department. The fire department was called to the fire, and plaintiff alleges that this constituted substantial compliance with the notice requirement.

---

[2] Title 6, ch 7, § 11 of the 1963 edition of the charter of the city of Detroit reads, in part:

"It shall be a sufficient bar and answer to any action or proceeding in any court for the collection of any demand or claim against said city that it has never been presented to the common council for audit or allowance."

Title 6, ch 7, § 12, states:

"No action shall be brought against the city nor any of its boards, commissions, or officers for any negligent injury unless it be commenced within 1 year from the time when the injury was received, nor unless written notice be served upon the corporation counsel, or his chief assistant, within 60 days from the time of the happening of such injury, which notice shall specify the location and nature of the defect claimed, the injury sustained, and the names of the witnesses known at the time by claimant."

Plaintiff's reply relied upon the law set forth in *Gable* v. *City of Detroit* (1924), 226 Mich 261, which we discuss *infra*. The city filed a brief in support of its motion, to which plaintiff replied. Plaintiff's principal argument therein sought a liberal construction of the notice provision and, in alleging the propriety of same, asserted that since the defendant's fire department and other authorized agents had notice of the fire and investigated the damage done thereby immediately after it occurred, no prejudice resulted from the tardy receipt of written notice.

The court below granted the motion for accelerated judgment,[3] noting that calling the fire department may be notice of the existence of the fire, but does not constitute notice of any claim by plaintiff as to defendant's negligence.

Plaintiff appeals from the accelerated judgment entered pursuant thereto.

The issue before us is whether plaintiff's claim was barred by failure to comply with the 60-day notice provision of the city charter where the city, through its fire department, had knowledge of the fire and the resultant damage for which plaintiff sought to recover through a negligence action.

Plaintiff argues on appeal that the purpose of the charter requirement is twofold; *i.e.,* to confine a plaintiff substantially to the character of the defect alleged, and to afford the city an opportunity to investigate. Plaintiff argues that since these purposes have been fulfilled in the instant case, no prejudice can result from its failure to file notice in timely fashion, and seeks, in effect, a judicial waiver of the requirement.

---

[3] See GCR 1963, 116.1.

Even if we were to agree with the premises upon which plaintiff builds to reach the desired result, we could not take the final step in reasoning sought through this appeal.

In *Ridgeway* v. *City of Escanaba* (1908), 154 Mich 68, 70, the Supreme Court said:

"We have been inclined to favor a liberal construction of statutes requiring notice of claims, and have not denied relief when by any reasonable interpretation the notice could be said to be in substantial compliance with the statute, or where the defect had been waived by the council."

Recently this Court had occasion to employ the above-quoted language in *Murphy* v. *City of Detroit* (1966), 2 Mich App 473. In the *Murphy Case* we held that an ordinance provision for the computation of time, which excluded the last day if it fell on Sunday, constituted a waiver so that where the terminal day of a notice period fell on Sunday, plaintiff's notice delivered on the following Monday was sufficient and valid notice. It is apparent that the facts of the instant case do not present a *Murphy* situation.

This Court has endeavored to follow the principle of *Ridgeway, supra,* to favor a liberal construction of statutes requiring notice of claims where the facts fairly permitted such construction.[4] However, to construe the facts in the instant case as plaintiff seeks would be to distort, if not destroy, the relevant provisions of the city charter.

In *Gable* v. *City of Detroit, supra,* the applicable notice provision required service upon the corporation counsel or his chief assistant. Plaintiff ad-

---

[4] See, *e.g., Anthonsen* v. *State Highway Commissioner* (1966), 4 Mich App 345.

dressed her notice to the common council and her claim was made out by an employee in the city clerk's office who forwarded a copy to the corporation counsel. The Court found substantial compliance with the charter provision, saying at 264:

"The fact that the notice was addressed to the common council is unimportant; that the notice was served on the corporation counsel by an employee in the city clerk's office instead of by plaintiff or her attorney is likewise unimportant."

To review briefly the facts in *Gable* is sufficient to distinguish it.

For a recent case wherein the Supreme Court affirmed an accelerated judgment for the defendant city where the notice was not given in timely fashion, we refer to *Trbovich* v. *City of Detroit* (1966), 378 Mich 79.

. In the instant case, plaintiff relies upon the theory of substantial compliance. The reasoning of the trial court below contained, in its brevity, the best answer to this contention. Notice to the fire department that a fire occurred is indeed notice of the existence of a fire. It cannot, by any mental contrivance, be distorted to become, as well, notice of claim by the plaintiff that the fire was negligently started or permitted by the defendant city.

A *caveat* is requisite, however, to limit this decision to the circumstances presented by the instant case.

Plaintiff here did not question the applicability of the charter's 60-day provision. Neither case law nor current statutory provisions dealing with governmental immunity were adverted to by the parties herein, although this cause of action arose subsequent to the effective date of PA 1964, No 170, CL 1948, § 691.1401 *et seq.* (Stat Ann 1965 Cum Supp

§ 3.996[101] *et seq.*),[5] which delineated the status of governmental immunity in Michigan.

Affirmed.  Costs to appellee.

J. H. GILLIS and LEVIN, JJ., concurred.

5 PA 1964, No 170, § 15, gives the effective date as July 1, 1965.