## BROWN v. PORTER.

1. LIMITATION OF ACTIONS—COMPUTATION OF TIME—COURT RULE.

In computing any prescribed period of time the day of the act, event, or default after which the designated period of time begins to run is not included; the last day of the period is included unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday, or legal holiday (GCR 1963, 108.6).

2. SAME—COMPUTATION OF TIME—COURT RULE—INTENT.

Intention of court in adoption of court rule providing method of computation of time allowed by court rules, order of court, or by any applicable statute was to allow extension when last day of period fell on Saturday, Sunday, or holiday in absence of computation of time statute (GCR 1963, 108.6).

3. SAME—COMPUTATION OF TIME—COURT RULE.

Court rule providing that in computing period of time the last day of period is included unless it is a Saturday, Sunday, or legal holiday in which case the period runs until the end of the next day which is neither a Saturday, Sunday, or legal holiday is a judicial interpretation of how an action is to be brought after the legislature has specified what actions may be brought and is clearly within powers granted judiciary in State Constitution (Const 1963, art 6, § 5; GCR 1963, 108.6).

4. SAME—COMPUTATION OF TIME—STATUTES OF LIMITATION.

Court rule providing that in computation of period of time if last day of period is a Saturday, Sunday, or legal holiday the period runs until the end of the next day which is neither a Saturday, Sunday, or legal holiday *held*, to apply to general statutes of limitation (GCR 1963, 108.6).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 34 Am Jur, Limitation of Actions § 251 *et seq.*

5. SAME—ACCELERATED JUDGMENT—LEGAL HOLIDAY—EXTENSION OF TIME.

Accelerated judgment for defendant in action to recover personal injuries where complaint was filed 3 years and 2 days after accident but on the first business day for the court after the 3rd anniversary of a collision *held,* improper where the last day of the 3-year period was a legal holiday followed by a Sunday; court rule providing for extension of time if last day falls on Saturday, Sunday, or legal holiday to the end of next day which is neither Saturday, Sunday, or legal holiday preserves the action until Monday, the day the complaint was filed (CLS 1961, § 600.5805; GCR 1963, 108.6).

Appeal from Macomb, Deneweth (George R.), J. Submitted Division 2 December 6, 1967, at Lansing. (Docket Nos. 2,884, 2,885.) Decided August 27, 1968. Leave to appeal denied by Supreme Court November 22, 1968.

Complaints by Patricia A. Brown and Clayton R. Brown against Leonard F. Porter for personal injuries arising out of automobile accident. Cases consolidated. Defendant's motion for accelerated judgment granted. Plaintiffs appeal. Reversed and remanded.

*Austin A. Howard,* for plaintiffs.

*Nunneley, Nunneley & Hirt,* for defendant.

T. G. KAVANAGH, J. The parties in this case were involved in an automobile accident on December 25, 1962. On December 27, 1965[1] plaintiffs filed a complaint and served summons whereupon defendant made a motion for and was granted an accelerated judgment (GCR 1963, 116) on the grounds that

---

[1] December 25, 1965, was Saturday, December 26, 1965, Sunday; December 27, 1965, Monday, was the first business day for the courts after the 3rd anniversary of the collision.

plaintiffs' personal injury action was barred by the three-year statute of limitation, CL 1948, § 600.5805 (Stat Ann 1962 Rev § 27A.5805).

Plaintiffs' position below and on appeal is that, as the last day to bring action was a legal holiday followed by a Sunday, GCR 1963, 108.6 preserved this action until Monday, December 27, 1965. The pertinent court rule states:

"In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday or legal holiday."

Defendant asserts that the rule is one governing procedure and practice in the courts and cannot work to extend a statute of limitation as set out by the legislature.

Since the adoption of GCR 1963, 108.6, prescribing computation of time, no case has been before the Court questioning the applicability of this rule to the provisions of general statutes of limitation. The case of *Murphy* v. *City of Detroit* (1966), 2 Mich App 473, involved a similar problem but no request was made there for an interpretation or application of this court rule and the issues presented were capable of resolution on different grounds.

The rule before us provides the method of the computation of time allowed not only by rules or by order of the court, but by "any applicable statute." It would appear that the intent of the Supreme Court in adopting these provisions was to stand in accord

with the general rule allowing extension[2] in the absence of a computation of time statute and to concur in the reasoning of those Federal decisions construing an identical Federal rule of procedure.[3]

Since the rule had acceptance by the legislature and since no contrary policy is expressed in any other statute, it would seem that the liberality expressed therein can also be applied to the present statute of limitation. To provide such a construction is neither a contravention nor extension of the statutory provisions but is merely a judicial interpretation of "how" an action is to be brought after the legislature has specified "what" actions may be brought.[4] Determining procedures and practice, (*i.e.* the "how"), is clearly within the powers granted the judiciary in

---

[2] Where the last day on which to do an act falls on a Sunday or legal holiday the general rule is to extend the time to the next business day of the court. See 86 CJS, Time § 14(9) p 894. Also see 20 ALR2d 1249 Annotation: Inclusion or exclusion of first and last day for purposes of statute of limitations, p 1258.

[3] Rule 6(a) of the Federal Rules of Civil Procedure, 28 USCA, is identical to GCR 1963, 108.6. There are a variety of opinions in Federal courts on this issue. The fact that a particular statute in question was one regulating procedure seemed at first to have lessened the court's hesitation in applying rule 6(a) to statutory limitations. *E. g.,* Union National Bank v. Lamb (1949), 337 US 38 (69 S Ct 911, 93 L Ed 1190), where the time for taking an appeal was set out by statute; Simon v. Commissioner of Internal Revenue (CA 2, 1949), 176 F2d 230, where statute regulated appeals from tax courts; Sherwood Bros., Inc., v. District of Columbia (1940), 72 App DC 155 (113 F2d 162), where statute regulated claim for tax refund; Johnson v. Flemming (CA 10, 1959), 264 F2d 322; Wirtz v. Local Union 169, International Hod Carriers', Building and Common Laborers' Union of America, AFL-CIO, (Nev, 1965), 246 F Supp 741; Wirtz v. Local Union 611, International Hod Carriers', Building and Common Laborers' Union of America, AFL-CIO, (Conn, 1964), 229 F Supp 230, where statutes regulated activities and appeals from administrative bodies.

The liberal view has gained acceptance in recent years so that now the Federal courts are applying rule 6(a) to statutes of limitations relating to rights. See *Prince v. United States* (ED Wis, 1960), 185 F Supp 269; *Rutledge v. Sinclair Refining Co.* (SD NY, 1953), 13 FRD 477. See also, *Boulet v. Millers Mutual Insurance Association of Illinois* (Minn, 1964), 36 FRD 99.

Any split which may have once existed throughout the Federal circuits is definitely narrowing toward the liberal view.

[4] Joiner and Miller, Rules of Practice and Procedure, A Study of Judicial Rule Making, 55 Mich L Rev 623 (1957).

this State's Const 1963, art 6, § 5 and reiterated by the Court in GCR 1963, 16. This interpretation permits the court clerk's office to be closed on Saturdays, Sundays, and legal holidays without shortening the time established by the legislature within which suit may be commenced. So viewed, the rule is well within the power of the Supreme Court to promulgate in exercise of its right to establish the hours court shall be open.

We hold, therefore, that GCR 1963, 108.6 applies to general statutes of limitation, thereby preserving plaintiff's action until December 27, 1965.

Reversed and remanded.

Quinn, P. J. and Levin, J., concurred.