DRESLINSKI *v*. DETROIT

NOTICE—REQUIREMENTS—SUBSTANTIAL COMPLIANCE—STATUTES.
Courts, as a matter of judicial policy, favor a liberal construction of notice requirements and have not denied relief when the notice may be reasonably interpreted as in substantial compliance with the applicable statute; therefore, plaintiff's notice of claim, timely filed within the prescribed period, is not invalid because it was not verified (MCLA 691.1406).

Appeal from Wayne, Edward S. Piggins, J. Submitted Division 1 October 12, 1971, at Detroit. (Docket No. 8700.) Decided November 24, 1971.

Complaint by Mary Dreslinski against the City of Detroit for damages for personal injuries received in a fall on city property. Accelerated judgment for defendant. Plaintiff appeals. Reversed and remanded for further proceedings.

*Ruby, Weinbaum & Levenson* (by *Laurence Singal*), for plaintiff.

Before: LEVIN, P. J., and R. B. BURNS and J. H. GILLIS, JJ.

PER CURIAM. Plaintiff appeals from the order of the trial judge granting an accelerated judgment on the ground that her notice of claim, although timely

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur 2d, Notice § 22 *et seq.*

filed within the prescribed period, was not verified. MCLA § 691.1406 (Stat Ann 1969 Rev § 3.996[106]).

As a matter of judicial policy, courts favor a liberal construction of notice requirements and have not denied relief when the notice may be reasonably interpreted as in substantial compliance with the applicable statute. *Swanson* v. *City of Marquette* (1959), 357 Mich 424; *Jackson* v. *City of Detroit Board of Education* (1969), 18 Mich App 73; *Citizens Casualty Co.* v. *City of Detroit* (1967), 8 Mich App 379; *Kustasz* v. *City of Detroit* (1970), 28 Mich App 312; *Meredith* v. *City of Melvindale* (1969), 381 Mich 572.

Reversed and remanded for proceedings not inconsistent herewith. Costs to plaintiff.