KINCHION v BURNETT

Docket No. 77-5019. Submitted November 1, 1978, at Lansing.—Decided January 3, 1979.

Elsie M. Kinchion commenced an action for damages for personal injuries against Edgar Burnett and Lenore Burnett, alleging that her injuries were caused when she was struck by the defendants' automobile. The defendants denied all liability, claiming that they had not struck the plaintiff. The case was placed on the Oakland County mediation docket over the defendants' objection. The mediation panel issued a finding of no probable liability.

The matter then came before the Oakland Circuit Court. The defendants still denied liability, but agreed that, if liability were found, damages would exceed $10,000. The trial court, James S. Thorburn, J., then gave the plaintiff a choice between further mediation on the issue of the value of the claim or remand to district court. The plaintiff opted for remand to district court. The defendants appeal by leave granted. *Held:*

(1) The trial court improperly looked at the settlement value and not at the amount of damages involved in determining that the case was within the jurisdictional limits of the district court. Since the amount of damages did exceed $10,000, the case should not have been remanded to district court.

(2) The case should not have been sent to the mediation panel at all since only cases of "probable liability" are to be placed in mediation.

Reversed and remanded.

1. COURTS — DISTRICT COURT — JURISDICTION — JURISDICTIONAL LIMITS — STATUTES.

Exclusive jurisdiction is granted to district court where the amount of damages does not exceed $10,000 (MCL 600.8301; MSA 27A.8301).

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts § 154.
[2] 20 Am Jur 2d, Courts §§ 154, 155.
[3] 20 Am Jur 2d, Courts § 155.
[4] 57 Am Jur 2d, Negligence § 32.

2. Courts — Circuit Court — District Court — Jurisdiction — Removal to District Court — Jurisdictional Limits — States — Court Rules.

An action commenced in circuit court may be removed to district court, on the motion of the circuit court or on the motion of the parties, if (1) it appears that the claimant's damages may be less than the jurisdictional maximum otherwise applicable in the lower court to which the action is removed, and (2) removal will expedite the trial and disposition of the action (MCL 600.641[1]; MSA 27A.641[1], GCR 1963, 707.1).

3. Courts — District Court — Removal to District Court — Jurisdictional Limits — Damages — Settlement Value — Statutes.

The fact that a defendant is not willing to pay anything to settle a case does not necessarily make the case valueless and, therefore, within the jurisdictional limit of the district court; the criterion to be used in determining whether a case should be removed to district court is damages, not settlement value (MCL 600.641[1]; MSA 27A.641[1]).

4. Negligence — Mediation — Liability.

A case of no probable liability should not be placed in mediation.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Kathleen L. Bogas*), for plaintiff.

*Romain, Donofrio & Kuck, P.C.,* for defendants.

Before: M. J. Kelly, P.J., and J. H. Gillis and M. F. Cavanagh, JJ.

Per Curiam. Plaintiff filed suit charging defendants with negligence. The basis for the suit was plaintiff's claim that she had been struck by defendants' automobile, sustaining injuries and resulting medical expenses of $12,000. Defendants denied all liability, claiming they had not struck plaintiff, but rather her injuries were due to a slip and fall on a patch of ice.

The case was placed on the Oakland County

mediation docket over defendants' objections. The mediation panel issued a finding of no probable liability.

The matter came before the Oakland County Circuit Court on November 17, 1977. At that time plaintiff demanded $25,000 and refused to settle for less. Defendants denied liability, but agreed that, if liability were found, damages would exceed $10,000. Defendants refused to make any settlement offer. The trial court then gave plaintiff a choice between further mediation on the issue of "value" or remand to district court. Plaintiff opted for the latter.

Defendants sought leave to appeal from this order, which this Court granted. On appeal, defendants claim the trial court erred in remanding the case to district court since the amount of damages exceeded the jurisdictional limit for district court.

Exclusive jurisdiction is granted to district court where the amount of damages does not exceed $10,000. MCL 600.8301; MSA 27A.8301. When an action has been commenced in circuit court it may be removed to district court under certain circumstances. MCL 600.641(1); MSA 27A.641(1) provides:

"If it appears at the conclusion of a pretrial hearing on an action commenced in the circuit court that the amount of damages sustained may be less than the jurisdictional limitation as to the amount in controversy applicable to the lower court, the circuit judge may, without the consent of the parties, remove such action to any lower court within the county which would have had jurisdiction but for the amount of damages demanded and in which venue would have been proper."

In addition, GCR 1963, 707.1 provides:

"Removal of actions to a lower court pursuant to RJA § 641 may be ordered by the Court on its own motion or on motion of the parties only if

"(a) it appears that the claimant's damages may be less than the jurisdictional maximum otherwise applicable in the lower court to which the action is removed, and

"(b) removal will expedite the trial and disposition of the action."

In the instant case it was not disputed that plaintiff spent 91 days in the hospital and sustained $12,000 in medical expenses alone. Hence, it is clear that if defendants are found to be liable the damages should exceed the jurisdictional limit of district court.

The circuit court based the remand upon the theory that since defendants would pay nothing to settle the case it was valueless and, therefore, within the jurisdictional limit of district court. This was not a proper application of RJA § 641. The statute uses the word "damages" not "settlement value" as the criterion to be used in determining whether a case should be removed to district court.

In many negligence cases brought in circuit court the defendant denies liability. Because the defendant thinks the case has no settlement value or because a mediation panel found "no probable liability" does not vest the circuit court with power to remove the action to district court. The issues of liability and damages are separate and distinct. It is only the latter that can be examined for purposes of RJA § 641 and GCR 1963, 707.1. We conclude that the circuit court erred in removing the case to district court.

We also question the propriety of sending this case to mediation over defendants' objections. The

mediation panel issued a finding of "no probable liability". The judge then gave plaintiff the option of trial in district court or further mediation.

Oakland County Court Rule 18[1] provides that cases submitted for mediation "shall be civil cases of probable liability". We are unable to ascertain what facts led the circuit court to believe the case was one of probable liability. Defendants denied ever striking plaintiff, claiming she injured herself when she slipped on some ice.

In any event, once the mediation panel issued a finding of "no probable liability" it was evident that the case did not fall within the ambit of Rule 18. In ordering further mediation the lower court recognized that the first panel had failed to ascribe a value to the case as is their function. However, since a case of no probable liability should not be placed in mediation at all, the lower court should not have offered the option of further mediation.

The order of the circuit court is reversed and the case is remanded to the circuit court for proceedings consistent with this opinion. Costs to defendants.

---

[1] Rules of the Circuit Court for the Sixth Judicial Circuit—Oakland County, Rule 18, reads in pertinent part as follows:

"Certain cases may be selected and submitted to mediation. These shall be civil cases of probable liability wherein the relief sought is exclusively money damages and do not involve complex legal or factual issues."