CLEMONS v CITY OF DETROIT, DEPARTMENT OF
TRANSPORTATION

Docket No. 59424. Submitted March 15, 1982, at Detroit.—Decided
October 7, 1982.

Plaintiffs, Henry Clemons and Mary Lee Clemons, commenced an
action in the Wayne Circuit Court for damages for injuries
sustained in a motor vehicle accident involving plaintiffs' auto-
mobile and a bus owned by defendant City of Detroit, Depart-
ment of Transportation. At a pretrial hearing, the circuit court,
Joseph A. Moynihan, J., ordered that the case be removed to
the 23rd District Court, it appearing that the amount of dam-
ages sustained might be less than $10,000. Plaintiffs then
moved for and were granted a hearing in the district court on
the issue of whether damages may exceed the $10,000 jurisdic-
tional amount. The district court concluded that damages, if
any, in all likelihood would exceed $10,000 and, therefore,
issued an order returning the case to circuit court. Upon
receipt of the file in circuit court Chief Judge Richard D. Dunn
refused to reassign the case to a circuit judge and instead
issued an opinion and order vacating the district court's order
of transfer to circuit court and reinstating the original order
for removal from circuit court to district court. Plaintiffs ap-
peal, by leave granted, from the chief judge's order. *Held:*

1. Because no clear legislative policy reflecting considerations
other than judicial dispatch can be identified in connection
with the amendment of MCL 600.641 by 1980 PA 190, the
Court of Appeals construed the amendment simply as a statu-
tory rule of practice, which by its terms would supersede in
part GCR 1963, 707.

2. Since the implementation of MCL 600.641(2), as amended
by 1980 PA 190, would result in a multiplicity of hearings at
the trial court level on the sole issue of whether damages
would probably exceed the district court jurisdictional limit,

REFERENCES FOR POINTS IN HEADNOTES

[1, 8] 75 Am Jur 2d, Trial § 27.
[2, 4, 5, 7] 20 Am Jur 2d, Courts §§ 82, 84.
[3] 20 Am Jur 2d, Courts § 86.
[6] 16 Am Jur 2d, Constitutional Law § 219.

that statute is both in conflict with and detrimental to an orderly and efficient administration of justice.

3. The order of the circuit court holding MCL 600.641(2), as amended by 1980 PA 190, to be an unconstitutional interference with the rule-making power of the Supreme Court, was affirmed, until such time as the Supreme Court itself shall indicate acquiescence by its opinions or rule.

Affirmed.

1. Courts — Jurisdiction — Removal of Actions — Court Rules.
The statute and the court rule regarding the removal of actions to a lower court by a circuit court have both been construed to imply that removal should be based on more than a mere possibility that the damages will be less than the jurisdictional limit of the circuit court (MCL 600.641; MSA 27A.641; GCR 1963, 707).

2. Courts — Constitutional Law — Court Rules.
The Supreme Court's rule-making power is constitutionally supreme in matters of practice and procedure (Const 1963, art 6, § 5).

3. Constitutional Law — Judicial Construction — Supreme Court — Rule-Making Power.
The constitutional provision regarding the Supreme Court's rule-making power is to be liberally construed in order to aid in the efficient administration of the judicial system (Const 1963, art 6, § 5).

4. Courts — Court Rules — Statutes — Supreme Court.
Rules of practice set forth in any statute, which do not conflict with the rule adopted by the Supreme Court, are deemed to be in effect until superseded by rules adopted by the Supreme Court (GCR 1963, 16).

5. Courts — Court Rules — Supreme Court.
The Supreme Court has authority to promulgate and amend general rules governing practices and procedure in the Supreme Court and all other courts of record (MCL 600.223; MSA 27A.223).

6. Statutes — Judicial Construction.
The Court of Appeals, in construing a statute, is obligated to strive to uphold the constitutionality of the statute, unless by plain import or necessary intendment it violates an express constitutional inhibition; a statute should be construed so as to effect its purpose, as intended by the Legislature.

7. CONSTITUTIONAL LAW — COURTS — COURT RULES.

The function of enacting and amending judicial rules of practice and procedure has been committed exclusively to the Supreme Court, a function with which the Legislature may not meddle or interfere save as the Court may acquiesce and adopt for retention at judicial will (Const 1963, art 6, § 5).

8. CONSTITUTIONAL LAW — COURTS — REMOVAL TO LOWER COURT — COURT RULES.

The section of the statute regarding the removal of actions to a lower court pertaining to damages in excess of jurisdictional amount is an unconstitutional interference with the rule-making power of the Supreme Court since the statute is in conflict with and detrimental to an orderly and efficient administration of justice under the court rule regarding the removal of actions to a lower court (MCL 600.641[2]; MSA 27A.641[2]; GCR 1963, 707).

*Pianin, Graber & Paull, P.C.* (by *Gary Howard)* and *Gromek, Bendure & Thomas* (by *Daniel J. Wright),* of counsel, for plaintiffs.

*David N. Smokler,* Assistant Corporation Counsel, for defendant.

Before: DANHOF, C.J., and BRONSON and J. R. ERNST,\*JJ.

PER CURIAM. Plaintiffs appeal, by leave granted, from an order issued by the Wayne County Circuit Court Chief Judge vacating the district court's order of transfer to circuit court and reinstating an original order for removal from circuit court to district court.

This action was commenced in Wayne County Circuit Court and arose out of a motor vehicle accident involving plaintiffs' automobile and a bus owned by the City of Detroit, Department of Transportation. Plaintiffs claim damages for resulting injuries. The procedural developments

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

which subsequently occurred give rise to the present appeal.

At a pretrial hearing on June 3, 1980, the circuit judge ordered that the case be removed to the 23rd District Court, pursuant to MCL 600.641(1); MSA 27A.641(1). In district court, plaintiffs later moved for and were granted a hearing on the issue of whether damages may exceed the jurisdictional amount pursuant to MCL 600.641(2); MSA 27A.641(2).

At the district court hearing in this case, plaintiffs presented the deposition testimony of a physician who had examined plaintiff Henry Clemons almost two years after the accident. The deposition testimony of the physician was not available to the circuit judge at the pretrial hearing.

After considering the physician's testimony on the issue of damages, the district court concluded that damages, if any, would "in all likelihood exceed $10,000" and on February 9, 1981, issued an order returning the case to circuit court. The district court determined that its action was not a review of the circuit court order of removal since its decision was based on evidence introduced at a hearing as authorized by statute.

Upon receipt of the file in circuit court, the chief judge refused to reassign the case to a circuit judge and instead issued an opinion and order vacating the district court's order of transfer to circuit court. The reasons expressed by the circuit court for such action are as follows: (1) The district court reviewed the prior order removing this action to the 23rd District Court, and in so doing (assuming *arguendo* such authority) the finding of the district court was not inconsistent with that of the circuit court and thus afforded no basis for upsetting the determination of the latter; (2) Ap-

pellate procedure is within the singular province of the Michigan Court Rules and if the order of removal is to be upset, that determination is uniquely within the jurisdiction of the Court of Appeals, notwithstanding any other law; (3) "Even acceding to the intuited premise of the district court, *i.e.,* that MCL 600.641 is ipso facto decisional, the opinion and order rendered below is nonetheless legally unsupportable"; (4) The result reach by application of MCL 600.641(2); MSA 27A.641(2) would be inimical to the sound administration of justice.

Indeed, the reasons cited by the circuit court's chief judge present a direct challenge to the constitutionality of MCL 600.641(2); MSA 27A.641(2).

Plaintiffs filed a motion for a rehearing on the chief judge's order to return to district court. That motion was denied in an order issued August 6, 1981. Plaintiffs now appeal from the March 2, 1981, order vacating the district court's order for transfer to circuit court.

The statutory provisions relative to removal of actions from circuit court to district court appear at § 641 of the Revised Judicature Act, MCL 600.641; MSA 27A.641. Prior to its amendment in 1980, subsections 1 and 2 of § 641 read:

"(1) If it appears at the conclusion of a pretrial hearing on an action commenced in the circuit court that the amount of damages sustained may be less than the jurisdictional limitation as to the amount in controversy applicable to the lower court, the circuit judge may, without the consent of the parties, remove the action to a lower court within the county which would have had jurisdiction but for the amount of damages demanded. These actions shall be assigned by lot by the clerk of the court to all lower courts and districts within the county. Each lower court or district in the county shall be assigned, as nearly as possible, a propor-

tion of the total number of removed actions equal to the proportion of the total number of lower court judges serving on the court or in the district.

"(2) When an action is removed to a lower court, the circuit court shall forward to the lower court, as a filing fee, a portion of the filing fee paid at the commencement of the action in circuit court which is equal to the filing fee otherwise required in the lower court."

However, subsection 2 of § 641 was significantly modified by 1980 PA 190. That act transferred the filing fee provision of the previous subsection 2 to a subsection 3 and replaced subsection 2 with new language permitting a district court to take proofs at a hearing, and if at the conclusion of the hearing it was shown that the damages might exceed the jurisdictional amount, to send the case back to the circuit court for reassignment to another judge. Subsection 2 of § 641 of the Revised Judicature Act, as amended by 1980 PA 190 reads:

"(2) When a case is remanded to a lower court from a multi-judge circuit court, the lower court may take proofs at a hearing and if at the conclusion of the hearing it is shown that the damages may exceed the jurisdictional amount, that case may be sent back to that circuit court and reassigned to another judge."

A further amendment of § 641 by 1980 PA 438 did not significantly alter subsection 2 as revised by 1980 PA 190.

The implementation of RJA § 641, as originally enacted, was comprehensively addressed by the Michigan Supreme Court's adoption of GCR 1963, 707, providing as follows:

".1 Removal to Lower Court. Removal of actions to a lower court pursuant to RJA § 641 may be ordered by

the Court on its own motion or on motion of the parties only if

"(a) it appears that the claimant's damages may be less than the jurisdictional maximum otherwise applicable in the lower court to which the action is removed, and

"(b) removal will expedite the trial and disposition of the action.

".2 Effect of Joinder. When any counterclaims or cross-claims have been joined in an action sought to be removed, only the entire action may be removed to a lower court and then only if the primary claim and each such counterclaim or cross-claim separately meets the requirements of subrule 707.1. If there has been joined a claim for equitable relief or other relief of a kind which is beyond the jurisdictional power of the lower court, no part of the action shall be removed. If a third-party claim has been joined, no part of the action shall be removed.

".3 Actions Transferred from Lower Courts. Actions transferred to a circuit court pursuant to RJA § 6935 and DCR 203.5 may be removed to the lower court from which it was transferred if the action meets with the requirements of subrules 707.1 and 707.2.

".4 Review of Orders. There shall be no right of appeal from an order denying a motion to remove to a lower court. *An order for removal to a lower court may be reviewed only by an application for leave to appeal filed within 10 days after entry of the order and such appeal shall be processed by the appellate court as an emergency appeal.*" (Emphasis added.)

As noted under the "Authors' Comments" in 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1981 Cum Supp, p 121:

"Troublesome questions regarding the appealability of orders granting or denying a motion to transfer have been anticipated by sub-rule 707.4.

"There should be no difficulty over the validity of the rule. RJA § 641 does not require the circuit courts to

transfer any cases to lower court, but rather authorizes them to do so in exercise of their sound discretion by reference to the basic policy underlying the statute. *The rule merely supplies more detailed procedural guidance for the exercise of the circuit courts' discretion under the statute.*" (Emphasis added.)

Both statute and court rule have been construed to imply that removal should be based on more than mere possibility that damages will be less than the jurisdictional limit of circuit court. In *Riggs v Szymanski,* 62 Mich App 610, 614, fn 7; 233 NW2d 670 (1975), this Court stated that "[w]hen a cause is removed from the circuit court to the district court pursuant to MCL 600.641; MSA 27A.641, and/or GCR 1963, 707.1, the circuit court is simply acknowledging that since the amount of damages which may be recovered, in all *probability,* will be less than $10,000 that the district court is the only court which possesses statutory jurisdiction to hear the claim". (Emphasis added.) In *Kinchion v Burnett,* 88 Mich App 25, 28; 276 NW2d 508 (1979), this Court applied § 641(1) to mean that removal is not warranted if "damages *should* exceed the jurisdictional limit of district court". (Emphasis added.)

In order to consider RJA § 641, as amended, in proper perspective with GCR 1963, 707, it is first helpful to reflect upon the constitutional provision upon which the Supreme Court's rule-making power is grounded.

"Our Court's rule-making power is constitutionally supreme in matters of practice and procedure, Const 1963, art 6, § 5." *Kirby v Larson,* 400 Mich 585, 598; 256 NW2d 400 (1977).

Art 6, § 5 of the Michigan Constitution of 1963 provides:

"The supreme court shall by general rules establish, modify, amend and simplify the practice and procedure in all courts of this state. The distinctions between law and equity proceedings shall, as far as practicable, be abolished. The office of master in chancery is prohibited."

The breadth and purpose of this section was noted by the Supreme Court in *Buscaino v Rhodes,* 385 Mich 474, 478-479; 189 NW2d 202 (1971):

"This provision is basically the same as that found in the Constitutions of 1850 and 1908. However, there is a significant difference which is relevant in the context of this case. In the *Address to the People,* at the conclusion of the 1961 Constitutional Convention (on August 1, 1962), it is stated concerning art 6, § 5:
" 'This is a revision of Sec. 5, Article VII, of the present constitution. In addition to existing powers of the court, power is conferred to simplify both practice and procedure.[4]
"Thus, it is clear that there is a recognition of the need to grant the Supreme Court broad powers to make rules which will tend to increase the efficient administration of justice at a time when our courts are seriously overburdened. Our Court has recognized in numerous cases the validity of the rule-making power, both under our present and former Constitutions. *We have recognized that art 6, § 5, Michigan Constitution of 1963, and its predecessors, must be liberally construed in order to aid in the efficient administration of our judicial system.*

---

"[4] 2 Official Record, Constitutional Convention 1961, p 3385." (Emphasis added; footnotes omitted.)

---

In deference to the Legislature, the Court has by GCR 1963, 16 expressly acknowledged those rules of practice, set forth by statute, which do not conflict with the rules adopted by the Court, and has declared them "to be in effect until superseded by rules adopted by the Supreme Court".

The Legislature has expressed reciprocal recog-

nition of the ultimate authority of the Supreme Court to promulgate rules governing practice and procedure by MCL 600.223; MSA 27A.223:

"Sec. 223. The supreme court has authority to promulgate and amend general rules governing practices and procedure in the supreme court and all other courts of record, including but not limited to authority:

                    *    *    *

"(2) to prescribe the practices and procedure in the supreme court and other courts of record concerning:

"(a) methods of review,

                    *    *    *

"(k) other matters at its discretion * * *."

Although what constitutes "practice" and what "substantive law" is not always clear, it has been suggested that rules of procedure and practice adopted by the Court provide "how" an action is to be brought, whereas the Legislature specifies "what" actions may be brought. See *Brown v Porter,* 13 Mich App 6, 9-10; 163 NW2d 709 (1968).

In *Joy v Two-Bit Corp,* 287 Mich 244, 253-254; 283 NW 45 (1938), subject-matter jurisdiction was defined in the following terms:

" 'Jurisdiction over the subject-matter is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during the trial.' *Richardson v Ruddy,* 15 Idaho 488, 494-495; 98 P 842 (1908)."

In the present case the authority of the Legisla-

ture to vest in the district courts exclusive jurisdiction in civil actions when the amount in controversy does not exceed $10,000, MCL 600.8301; MSA 27A.8301, is not contested. Rather, the issue is the procedure to be followed, *i.e., how* to effect a final determination of whether the amount in controversy does or does not exceed the jurisdictional limit.

It is evident that prior to amendment of RJA § 641 by 1980 PA 190, a decision by a circuit court to remand an action to district court could only be challenged by application for leave to appeal filed with the Court of Appeals, as provided by GCR 1963, 707.4, or by request for rehearing based on mistake, inadvertence, newly discovered evidence, fraud, etc., pursuant to GCR 1963, 528.3. The amendment to RJA § 641 by 1980 PA 190 affords plaintiffs (in multi-judge circuits only, we note) the added alternative of a hearing in district court for the purpose of showing that damages may *(i.e.,* probably will) exceed $10,000. Such is the very issue which the circuit court was previously required to decide as a predicate to remand.

Whether the district court is presented with any "new matter" or is merely offered that which was made available to the circuit court, the amended version of RJA § 641(2) empowers the district court to decide precisely the issue previously determined by the circuit judge. The mischief reaked upon an orderly and efficient judicial process by the practice of permitting orders of a circuit judge to be set aside or vacated by a district court judge is fully as serious as that sought to be avoided by GCR 1963, 529.2, which states in pertinent part:

"No judgment or order shall be set aside or vacated, and no proceeding under a judgment or order shall be stayed by any circuit judge except the one who made

the judgment or order, unless he is absent or unable to act."

See also DCR 529.2.

As observed under "Authors' Comments" in 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 230:

"If a judgment or order is to be set aside, vacated or stayed, it should normally be done only by the judge who made the judgment or order, since he is best qualified to pass upon the matter, *and since it would obviously detract from the dignity and stability of judicial action if a dissatisfied litigant could run about seeking to have it upset by other trial judges.* This is the sense of sub-rule 529.2, which, as the Committee Comment observes is taken directly from a former statute, CL 1948, § 602.56 (MSA 27.193)." (Emphasis added.)

The destabilizing impact of 1980 PA 190 on the orderliness of judicial administration is enhanced in that the rehearing of the circuit court's order for remand is to be conducted before a forum which is constitutionally subject to the supervision and general control of the circuit court. The Legislature apparently recognized and sought to ameliorate such negative impact by limiting the application of RJA § 641, as amended, to multi-judge circuits where a remanded case could be sent back and reassigned to a different circuit judge. However, the vexatious necessity of yet another trial judge being required to assume the matter remains unavoidable. Moreover, questions of proper forum and the procedure to be followed to obtain subsequent review of the district court action are additional issues not addressed.

We recognize our obligation to strive to uphold

the constitutionality of a statute, unless by plain import or necessary intendment it violates an express constitutional inhibition. *Arnold v Ogle Construction Co,* 333 Mich 652; 53 NW2d 655 (1952); *Thomas v Consumers Power Co,* 58 Mich App 486; 228 NW2d 786 (1975), *modified on other grounds* 394 Mich 459; 231 NW2d 653 (1975). Moreover, a statute should be construed so far as to effect its purpose, as intended by the Legislature. *Thomas v Wayne County Bd of Supervisors,* 214 Mich 72; 182 NW 417 (1921).

Because no clear legislative policy reflecting considerations other than judicial dispatch can be identified in connection with the amendment to RJA § 641 by 1980 PA 190, we must construe the amendment simply as a statutory rule of practice, which by its terms would supersede in part GCR 1963, 707. *Kirby v Larson, supra.*[1]

---

[1] The Senate Journal for June 10, 1980, p 1524, contains the following:

"The Committee of the Whole reported back to the Senate, favorably and with amendment the following bill: House Bill No. 4527, entitled

"A bill to amend sections 641 and 1344 of Act No. 236 of the Public Acts of 1961, entitled as amended 'Revised judicature act of 1961,' section 641 as amended by Act No. 330 of the Public Acts of 1978, being sections 600.641 and 600.1344 of the Compiled Laws of 1970.

"The following is the amendment recommended by the Committee of the Whole:

"1. Amend page 2, line 7, after 'district.' by inserting:

"'(2) WHEN A CASE IS REMANDED TO A LOWER COURT FROM A MULTI-JUDGE CIRCUIT COURT, THE LOWER COURT MAY TAKE PROOFS AT A HEARING AND IF AT THE CONCLUSION OF THE HEARING IT IS SHOWN THAT THE DAMAGES MAY EXCEED THE JURISDICTIONAL AMOUNT, THAT CASE MAY BE SENT BACK TO THAT CIRCUIT COURT AND REASSIGNED TO ANOTHER JUDGE.' and renumbering the remaining subsections.

"The Senate agreed to the amendment recommended by the Committee of the Whole and the bill as amended was placed on the order of Third Reading of Bills."

There does not appear to be available any other record of legislative history or legislative analysis of this amendment.

In *Perin v Peuler (On Rehearing),* 373 Mich 531, 541; 130 NW2d 4 (1964), the Supreme Court stated:

"The function of enacting and amending judicial rules of practice and procedure has been committed exclusively to this Court (Const 1908, art 7, § 5; Cosnt 1963, art 6, § 5); a *function with which the legislature may not meddle or interfere* save as the Court may acquiesce and adopt for retention at judicial will." (Emphasis added.)

See also *Buscaino v Rhodes, supra.*

Having observed that implementation of RJA § 641(2), as amended, would result in a multiplicity of hearings at the trial court level on the sole issue of whether damages would probably exceed the district court jurisdictional limit, we conclude that the statute is both in conflict with and detrimental to an orderly and efficient administration of justice under the court rule.

Accordingly, we affirm the order of the circuit court holding RJA § 641(2), amended by 1980 PA 190, to be an unconstitutional interference with the rule-making power of the Supreme Court, until such time as the Court itself shall indicate acquiescence by its opinions or rule.

Affirmed. No costs taxed, a public question being involved.