843 F.2d 1390
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 No. 87-1602.
 
 Randall BELCHER, Plaintiff-Appellant,
v.
GREAT LAKES STEEL CORPORATION, a Delaware Corporation,
Defendant-Appellee.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1988.
 Before MILBURN and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Randall Belcher appeals the district court's grant of summary judgment in favor of defendant-appellee Great Lakes Steel Corporation dismissing this diversity tort action as untimely filed under the applicable Michigan statute of limitations, Mich.Comp.Laws Ann. Sec. 600.5805(8).[1] For the reasons that follow, we reverse the judgment of the district court.
 
 I.
 
 2
 On January 11, 1984, plaintiff allegedly slipped and fell on defendant's premises. As a result of his fall, plaintiff claims damages in excess of $10,000.00. Plaintiff's complaint was filed in the Wayne County Circuit Court, Wayne County, Michigan. Subsequently, the action was removed by defendant to the district court pursuant to 28 U.S.C. Sec. 1441 (removal jurisdiction), alleging that diversity of citizenship existed between the parties. Plaintiff did not seek remand.
 
 
 3
 Defendant answered plaintiff's complaint on February 13, 1987, and also moved for summary judgment, arguing that plaintiff's action was barred by the applicable statute of limitations. Both parties agreed that the applicable statute of limitations is Michigan Comp.Laws Ann. Sec. 600.5805(8), which provides for a three-year period of limitations in personal injury tort actions. Defendant asserted in its motion that plaintiff's complaint was not filed until January 13, 1987, a Tuesday. Consequently, defendant argued that summary judgment should be entered against plaintiff as the cause of action accrued on January 11, 1984.
 
 
 4
 Plaintiff conceded that the statute of limitations began to run on January 11, 1984. However, plaintiff asserted that as January 11, 1987, was a Sunday, that day should not be considered for purposes of computing the period of limitations, and therefore the limitations period actually expired on January 12, 1987. Plaintiff relied on Michigan Court Rule ("MCR") 1.108(1), which provides:
 
 
 5
 The day of the act, event, or default after which the designated period of time begins to run is not included. The last day of the period is included unless it is a Saturday, Sunday, legal holiday, or holiday on which the court is closed pursuant to court order; in that event the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or holiday on which the court is closed pursuant to court order.
 
 
 6
 (emphasis supplied). Plaintiff argued that his complaint was in fact filed on January 12, 1987, a Monday. As the preceding day was a Sunday, plaintiff asserted that January 11, 1987, should not be counted under the Michigan Rule.
 
 
 7
 Defendant countered that this Rule, a state procedural rule, should not apply in federal district court. Alternatively, defendant asserted that even if the Rule is applied, plaintiff actually did not file his complaint until January 13, 1987, and therefore the action is untimely in any event.
 
 
 8
 The district court concluded that MCR 1.108(1) cannot be applied so as to extend the limitations period for filing an action. Analogizing to cases considering Fed.R.Civ.P. 6(a) (the federal counterpart to the Michigan Rule), the court found that the Rule cannot extend the limitations period "because the purpose of the rule is to govern procedural matters once a case was properly before the court. The purpose was not to confer jurisdiction as an initial matter." J.A. at 37. As a result, the court granted defendant's motion for summary judgment. Given its conclusion that plaintiff's action should have been filed on January 11, 1987, the court did not consider defendant's argument that plaintiff did not file until January 13, 1987. Plaintiff timely appealed the judgment of the district court.
 
 II.
 
 9
 Defendant argues that MCR 1.108(1) (which provides that if the due date of a limitations period falls on a Sunday that day should not be counted) does not apply in federal district court. We disagree.
 
 
 10
 A federal district court sitting in diversity jurisdiction generally applies state substantive law. See Erie R.R. v. Tompkins, 304 U.S. 64 (1938). Federal courts, however, generally follow their own procedural rules. See Hanna v. Plumer, 380 U.S. 460 (1965). Yet, a federal court sitting in diversity jurisdiction applies the state statute of limitations, as both parties to the present case concede. See Guaranty Trust Co. v. York, 326 U.S. 99 (1945). Moreover, federal courts are bound also to follow state rules regarding the tolling of statutes of limitations. See Walker v. Armco Steel Corp., 446 U.S. 740 (1980); Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530 (1949). The rationale guiding these cases is that state procedural rules regarding tolling and computation of the limitations period form an integral part of the statute of limitations. See, e.g., Alonzo v. ACF Property Management, Inc., 643 F.2d 578 (9th Cir.1981). Thus, in our view, MCR 1.108(1) is properly applicable in federal court, as a state method of computation. See C. Wright & A. Miller, Federal Practice & Procedure: Civil 2d Sec. 1164 (1987) ("In the few cases in which the question of computation has arisen, federal courts consistently have followed the state method...."). Accordingly, we have no occasion to discuss the effect of Fed.R.Civ.P. 6(a), but rather look only to the Michigan Rule and state cases interpreting the Rule.
 
 
 11
 In our view, Rule 1.108(1) operates to extend the limitations period through January 12, 1987. The Rule expresses a policy in favor of leniency where the last day for performance of an act falls on a Sunday. Here, by the statute of limitations, plaintiff should have filed suit by January 11, 1987. However, as that day was a Sunday, performance under the Rule is not required until Monday, January 12, 1987. Therefore, if the plaintiff's action was filed on that day, it should be considered timely under the state Rule.
 
 
 12
 The legitimacy of this application of Rule 1.108(1) was upheld in Brown v. Porter, 13 Mich.App. 6, 163 N.W.2d 709 (1968). There the Rule was applied to extend the three-year limitations period of Mich.Comp.Laws Ann. Sec. 600.5805. The defendant in Brown argued that because the Rule is merely one of procedure adopted by the Michigan Supreme Court, it cannot work to extend a legislatively prescribed limitations period. The court, however, held:
 
 
 13
 Since the rule had acceptance by the legislature and since no contrary policy is expressed in any other statute, it would seem that the liberality expressed therein can also be applied to the present statute of limitation. To provide such a construction is neither a contravention nor extension of the statutory provisions but is merely a judicial interpretation of 'how' an action is to be brought after the legislature has specified 'what' actions may be brought. Determining procedures and practice, ... is clearly within the powers granted the judiciary...."
 
 
 14
 Id. at ----, 163 N.W.2d at 710 (footnote omitted). Thus, the court concluded the Rule should be applied to extend the statute of limitations.
 
 
 15
 Defendant, however, contends that plaintiff's action was not filed until January 13, 1987, and thus is untimely even given the benefit of the Rule. Yet, we note that although affidavits regarding the date of receipt of plaintiff's complaint at the Wayne County Circuit Court Clerk's office were filed with the district court, the court did not address this question. In our view, defendant has raised a factual dispute which would be inappropriate for us to resolve as an initial matter at this level. See Pullman-Standard v. Swint, 456 U.S. 273, 291-92 (1982). Accordingly, we remand this issue to the district court for a ruling as to whether plaintiff in fact filed within the period as set out above.
 
 III.
 
 16
 We hold that the district court erred in failing to apply MCR 1.108(1) in the present case. That Rule, by its language, clearly operates to extend the period for filing through January 12, 1987. Accordingly, the judgment of the district court is REVERSED, and this case is REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 Mich.Comp.Laws Ann. Sec. 600.5805(8) provides:
 The period of limitations is three years after a time of death or injury for all ... actions to recover damages for the death of a person, or for injury to a person or property.